24650. GEORGIA POWER COMPANY *v.* MAXWELL.

DECIDED JANUARY 27, 1936.

*Colquitt, Parker, Troutman & Arkwright,* for plaintiff in error.
*Camp, Savage & Crawford,* contra.

JENKINS, P. J. This was a suit against a power company to recover damages for the loss of a building destroyed by fire on account of the alleged negligence of the company with reference to defective wiring, insulation, and fuses.

1. The evidence authorized, but did not demand, the verdict in favor of the plaintiff.

2. The court charged the jury as follows: "If the plaintiff is negligent, and the defendant is also negligent, but the plaintiff is more negligent—his negligence reaches further and is wider and more than the defendant's, then the plaintiff would recover, not for the full amount found to be lost, but in proportion to his negligence as compared to the negligence of the plaintiff. That is what we call contributory negligence." It was said by this court, in *Rogers* v. *McKinley,* 48 *Ga. App.* 262, 265 (172 S. E. 662): "Under the common-law doctrine of contributory negligence, which now prevails in most jurisdictions but which has been changed by statute in this State (Civil Code of 1910, §§ 2781, 4426 [Code of 1933, §§ 94-703, 105-603]), if the negligence of the plaintiff, no matter how small, contributed to the injury sustained by her, she could not recover of the defendant. This doctrine did not diminish the damages, but precluded a recovery. The doctrine which prevails in this State by reason of our statutes is more accurately and properly designated as that of comparative negligence, rather than that of contributory negligence. . . The comparative-negligence rule in force in this State is that where there is negligence by both parties which is concurrent and contributes to the injury sued for, a recovery by the plaintiff is not barred, but his damages shall be diminished by an amount proportioned to the amount of fault attributable to him, provided that his fault is less than the defendant's and that by the exercise of ordinary care he could have avoided the consequences of the defendant's negligence after it became apparent or in the exercise of ordinary care should have been discovered by the plaintiff." See also *Central of Ga. Ry. Co.* v. *Larsen,* 19 *Ga. App.* 413, 417 (91 S. E. 517). Accordingly, the charge in the instant case, that

the plaintiff could recover if both he and the defendant were negligent, although the plaintiff's negligence exceeded that of the defendant, was erroneous. It has been held a number of times that the use of the word "plaintiff" instead of "defendant," or vice versa, is harmless where from the context it clearly appears that there was thus a mere slip of the tongue. *Becker* v. *Donalson,* 138 *Ga.* 634 (5, *a*), 645 (75 S. E. 1112). It can not be said in the instant case, however, that the jury must have known that the use of the word "plaintiff" instead of "defendant" was a slip of the tongue rather than the laying down of a principle of law. The rule as stated is susceptible of a rational interpretation, and is in fact, with respect to the excess of negligence on the part of the plaintiff, the law in certain cases which are governed by the Federal employers' liability act. But such a rule not being applicable in this case, it was likely to mislead the jury, and consequently the statement is reversible error.

3. The court gave the following instruction: "The plaintiff in this case is required to exercise ordinary care and prudence himself. If he knew of any defect or of anything wrong that the defendant did not know in this entire transaction, the law requires of a man that he use ordinary care. Of course, I mean to charge that." This instruction does not constitute a correct statement of the principle which devolved upon the plaintiff the duty of exercising ordinary care on his own part. The rule that in order for the plaintiff to recover, he must have exercised ordinary care to avoid the consequences to himself caused by the defendant's negligence, is not limited to the negligence of the defendant which may have been actually discovered, but extends also to the negligence which might have been discovered by the exercise of ordinary care on the plaintiff's part. *Louisville & Nashville R. Co.* v. *McGarity,* 139 *Ga.* 472 (77 S. E. 630); *Ga. Ry. & Power Co.* v. *McElroy,* 36 *Ga. App.* 143, 145 (136 S. E. 85); *Jones* v. *Aldred,* 41 *Ga. App.* 472 (3), 475 (153 S. E. 444). Moreover, it was the duty of the plaintiff to exercise ordinary care in protecting his property from any defects chargeable to the defendant, of which the plaintiff had or ought to have had knowledge, irrespective of whether the *defendant* did or did not have actual knowledge of such defects.

4. The judge gave the following charge: "You will find the value of this piece of land and the house; that is, the land that goes with the house; the house and lot, we call it in town and cities; consider the value before the fire what the value was then, or would have been at normal times, if it was not a normal time; then consider the value of the land, that is, the lot that went with the house, after the fire and in normal times; then subtract the value of the land with the house burned off, that is, the lot that goes with the house, from the value of the house and land; and that would be the measure of damages, if you find any damage." After a colloquy with counsel for the plaintiff, the judge then charged as follows: "It must be a price that the property was worth at the time; provided that at that time there was a normal condition of affairs in general; if it was not, then you would judge it as though there was a normal condition; that is what I meant. In other words, I mean this: that if at that time the property would have brought practically nothing, that would not be the measure; or if, on account of abnormal conditions, nobody knew how high the property would go, that would not be the basis. I adhere to the statement that it should be confined to the value at normal times." This charge did not accurately state the correct rule of damages, which are to be measured solely by the difference between the market value of the premises immediately before and immediately after the fire.

5. The court charged the jury as follows: "The Georgia Power Company is required to exercise ordinary care and prudence in every act done in pursuance of their duty in the installation and maintenance of this service." This instruction was misleading, for the reason that the right of recovery should have been limited to the acts of negligence set forth in the petition. *Central R. &c. Co.* v. *Cooper*, 95 *Ga.* 406 (22 S. E. 549); *Burdette* v. *Crawford*, 125 *Ga.* 577 (2) (54 S. E. 677).

6. Exception is taken to the following instruction: "If the Georgia Power Company, the defendant, employed another, Rambo Electric Company, an independent contractor, to make this installation as an independent contractor; if the independent contractor, you find, installed this stove and did it properly and in a manner such as an ordinary contractor would do, and he knew what he was doing, and all that; it was done properly, and there was no negli-

gence on his part, and you believe that, or if the plaintiff failed to show negligence in the installation, then, from that feature of it, your investigation ends, so far as the installation of the stove is concerned." Under the ruling in *Georgia Power Co.* v. *Gillespie,* 49 *Ga. App.* 788 (176 S. E. 786), this language was erroneous, in that it in effect instructed the jury that the plaintiff might recover from the defendant on account of acts of negligence of an independent contractor.

7. All of the large number of other exceptions have been examined; and most if not all of them are without merit; but the grounds not considered in the foregoing divisions of this decision are not dealt with or passed on for the reason that it is not likely that such questions will again arise upon a new trial.

*Judgment reversed. Stephens and Sutton, JJ., concur.*