37240. RYALS *et al. v.* McVEY *et al.*

DECIDED SEPTEMBER 5, 1958.

*Ross & Ross, A. Russell Ross, Edwin W. Ross,* for plaintiffs in error.

*Will Ed Smith,* contra.

NICHOLS, Judge. 1. On the trial of the case it was stipulated that the only issue was the location of the line dividing the property of the plaintiffs and the defendants and this was the only issue presented to the jury.

The brief of evidence consists of approximately 130 pages and it would indeed serve no useful purpose to quote this testimony here. Suffice it to say that there was evidence which would have authorized the jury to find that the plaintiffs' predecessor in title had acquiesced, for a period of approximately eleven years, in the line contended for by the defendants. However, there was also evidence that the line contended for by the defendants was not ascertainable and definite in 1949 (at the end of the eleven-year period), and that the line established in 1949 (the line contended for by the plaintiffs); was the same line established some forty years earlier, and that the line established at the beginning of the eleven-year period referred to above was never acquiesced in by the plaintiffs' predecessor in title.

The verdict of the jury, although not demanded, was supported by some evidence. "[T]his court does not pass upon the credibility of witnesses, nor the weight to be given evidence on disputed facts. These are questions for the jury. Whether their verdict is contrary to the evidence, or contrary to its weight, or decidedly and strongly against i[t]s weight, is a question the law vests in the trial judge's discretion. He may grant a new trial on these grounds, but this court has no such power. Where the trial judge approved the verdict, the sole question for determination by this court is whether there is any evidence sufficient to authorize it." *Adler* v. *Adler,* 207 *Ga.* 394, 405 (61 S. E. 2d 824).

2. The only special grounds argued or insisted on by the defendant relate to an excerpt from the charge in which the jury was instructed that a line between adjoining landowners could be established by acquiescence for a period of seven years by the interested parties. The complaints to this charge are that: The pleadings and evidence did not authorize the charge, that the charge was harmful to the defendants because it was con-

fusing and misleading since the issue was not raised by the pleadings and the evidence and was misleading and confusing, and that since the charge was not authorized·it amounted to an expression of opinion by the trial court that it was an issue in the case.

As shown by the first division of the opinion, there was evidence that the adjoining landowners, the predecessors in title of the parties, had established a·line by acquiescence for a period in excess of seven years. Therefore, it cannot be said that the charge complained of was not authorized by the evidence, and the pleadings could have been amended so as to include this contention. See *Tietjen* v. *Dobson*, 170 *Ga.* 123 (1) (152 S. E. 222, 69 A. L. R. 1408), where it is said: "If a charge to the jury is not authorized by the pleadings but relates to matter germane to the alleged cause of action which could have been alleged by amendment to the original petition [or answer], and evidence as to such matter is admitted without objection, the charge will not require reversal of a judgment refusing the defendants' motion for a new trial on the ground that it was not authorized by the pleadings. . ."

The verdict of the jury, approved by the trial court, was authorized by the evidence and, no error of law appearing, the judgment of the trial court denying the defendants' amended motion for new trial must be affirmed.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*