## 50706. LAND v. McCLURE.

WEBB, Judge.

This is a claim for personal injuries allegedly suffered in an automobile collision which occurred on Sunday afternoon, January 30, 1972, on interstate highway I-75 southbound between Vienna and Cordele. At that point I-75 is a four-lane highway, with two lanes for southbound traffic and two for northbound, separated by a median 80 feet in width. Traffic was heavy in the southbound lanes, and it was raining at the time.

Four vehicles were involved, directly or indirectly, in this collision. One being driven by Calvin Ingram, one being driven by his son, Michael Ingram, and one being driven by Thomas McClure were all traveling south in the left or inside lane. An unidentified vehicle pulled out from the right lane into the left lane in front of the father, causing him to lose control and go into a spin which took him out onto the median. The son, who was following, either slowed down or stopped in the highway to aid his father, and McClure, following the two, collided with the son's vehicle. Plaintiff was a passenger in the son's vehicle and has brought suit against McClure.

The case was tried before a jury, which returned a verdict in favor of defendant McClure. Plaintiff's motion for new trial was overruled, and she now prosecutes this appeal. *Held:*

1. " 'All drivers of vehicles using the highways are held to the exercise of due care. A leading vehicle has no absolute legal position superior to that of one following. Each driver must exercise ordinary care in the situation in which he finds himself. The driver of the leading vehicle must exercise ordinary care not to stop, slow up, nor swerve from his course without adequate warning to following vehicles of his intention so to do. The driver of the following vehicle, in his turn, must exercise ordinary care to avoid collision with vehicles, both those in front and those behind him.' [Cits.] 'The mere fact that one vehicle is struck in its rear, while another is not struck, is not in and of itself sufficient to fix liability on the driver of either vehicle.' [Cits.] 'All the facts and circumstances are to be taken into consideration in making a determination

as to where the liability lies.' [Cits.]" *Blalock v. Staver,* 132 Ga. App. 628, 629, 630 (208 SE2d 634).

The evidence here was in conflict and not so clear as to take the case out of the above rules. Accordingly, contrary to the contention of plaintiff, a verdict in her favor was not demanded, and the general grounds of the motion for new trial are without merit.

2. The trial court did not abuse its discretion in allowing the investigating officer to testify as to res gestae statements made to him at the scene by the Ingrams and defendant not more than 20-30 minutes after the collision. Code § 38-305; *Southern R. Co. v. Brown,* 126 Ga. 1, 2 (2) (54 SE 911); *Alvaton Mercantile Co. v. Caldwell,* 34 Ga. App. 151, 152 (7, 8) (128 SE 781); *Davis v. Metropolitan Life Ins. Co.,* 48 Ga. App. 179, 181 (1) (172 SE 467); *Aetna Life Ins. Co. v. Jones,* 80 Ga. App. 472, 478 (2) (56 SE2d 305).

Enumeration of error 2 is without merit.

3. Enumeration 3 complains that the court erred "in permitting the investigating officer to testify that he made no traffic charges with respect to subject collision." However, the record reveals that the court did not "permit" the officer to so testify since no objection was made. It is axiomatic that the admission of testimony (in this case an unresponsive, volunteered remark) cannot be complained of for the first time in the motion for new trial.

Enumeration 3 is without merit.

4. Defendant specifically pleaded the defense of accident, it was one of the defenses set forth in the pre-trial order, and a charge on this subject was properly requested by defendant. In *Gordon v. Gordon,* 133 Ga. App. 520, 525 (3) (211 SE2d 374), we approved a charge on "accident" under circumstances quite similar to those here (see *Gordon v. Carter,* 126 Ga. App. 343 (190 SE2d 570) for a statement of the facts), and we find no reversible error in giving the request to charge here.

Enumeration 4 is without merit.

5. The remaining three enumerations of error complain of the failure of the trial court to charge as requested by plaintiff. However, all of the propositions set forth in the requests were amply covered by the charge as given, and no reversible error appears. *Seaboard C. L. R.*

*Co. v. Thomas,* 125 Ga. App. 716, 718 (188 SE2d 891) and cits., aff'd 229 Ga. 301 (190 SE2d 898); *Jackson v. Miles,* 126 Ga. App. 320, 321 (2) (190 SE2d 565).

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

ARGUED JUNE 2, 1975 — DECIDED JUNE 11, 1975 — REHEARING DENIED JUNE 25, 1975 —

Burt, Burt & Rentz, *H. P. Burt,* for appellant.

*Landau, Davis & Spooner, James V. Davis, Edmund A. Landau, Jr.,* for appellee.