## 54730. PILAND et al. v. MELI.

McMurray, Judge.
The plaintiffs in this automobile negligence case are husband and wife. The plaintiff husband sues for pain and

suffering, lost wages and medical expenses, while the plaintiff wife's action is for loss of consortium.

The husband was injured in an automobile collision which occurred when his pick-up truck which he was driving south on a divided four lane highway was struck by an automobile driven by defendant in an easterly direction. Defendant's entrance onto the four lane highway was controlled by a stop sign. Plaintiffs contend defendant failed to yield the right of way.

At the trial of the case the jury returned a verdict for the defendant. Motion for new trial was filed and denied. The plaintiffs appeal on the general grounds. *Held:*

Questions of negligence, diligence, contributory negligence, proximate cause and the exercise of ordinary care for one's protection ordinarily are to be decided by a jury, and a court should not decide them except in plain and indisputable cases. *James v. Sears, Roebuck & Co.,* 140 Ga. App. 859 (232 SE2d 274). Plaintiffs acknowledge this black letter rule, but contend that this case falls within the exception in that the record contains no evidence which together with the reasonable deductions therefrom will support a verdict for defendant.

At the time of the collision plaintiff husband was traveling in the left hand lane of the divided highway. Plaintiff husband testified on cross examination that he first noticed defendant's car as it was moving a couple of feet onto the road on which he was traveling. Plaintiff husband's testimony was that after noticing defendant's car move a couple of feet onto the highway on which he was traveling he did not continuously watch defendant's car, but that he glanced in his rear view mirror anticipating that some difficulty might arise between defendant's car and another car which was traveling in the right hand lane a few feet behind him. When plaintiff husband next looked toward defendant's automobile he realized there was an impending collision and applied his brakes and turned left in an attempt to avoid the accident. This evidence presents a jury question as to whether plaintiff was contributorily negligent and to what degree.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

Argued October 4, 1977 — Decided November 7, 1977.

*Grogan, Jones, Layfield & Swearingen, Michael Agnew,* for appellants.

*Page, Scrantom, Harris, McGlamry & Chapman, William G. Scrantom, Jr.,* for appellee.