60250. FREED et al. v. REDWING REFRIGERATION, INC.
et al.

SOGNIER, Judge.

In this personal injury action a jury rendered a verdict and judgment in favor of defendant/appellees, including an award of $5,830 on their counterclaim for property damage to their tractor-trailer; the tractor-trailer was damaged in the vehicular collision involved in this case. Appellants enumerate as error five separate charges to the jury which were given by the trial judge at the written request of appellees. Appellants also enumerate as error the trial court's denial of their motion for a new trial based on the general grounds.

Bertha and George Freed were in an automobile being driven by Mrs. Freed; the car was in the right hand lane traveling north on I-95. Just before reaching the intersection with I-16 a yellow car passed the Freed vehicle, cut in front of it and went up the off-ramp to I-16. Mrs. Freed applied the brakes, causing her vehicle to swerve into the left lane. A fully loaded tractor-trailer truck belonging to appellee, Redwing Refrigeration, Inc. and driven by appellee, Marvin D. Emerick, was behind the Freed vehicle, traveling at a speed estimated variously at 52 to 64 miles per hour. Emerick saw the brake lights on the Freed car come on, saw the car start to skid and saw smoke coming from the tires of the Freed car. Emerick tried to move left to pass the Freed car, but could not do so as another vehicle was passing Emerick's truck. The car passed and Emerick pulled into the left lane; however, the Freed vehicle by then was skidding into the left lane. Emerick then decided to swerve right, but was prevented from doing so by traffic in the right lane. Unable to avoid the Freed car which was out of control, the tractor-trailer struck the side of the Freed car; both George and Bertha Freed were killed as a result of the accident. Only a few seconds elapsed from the time Mrs. Freed applied the brakes until the collision occurred.

At the request of appellees, the trial court charged the jury on accident, sudden emergency, avoidance, proximate cause and causation. Appellants contend these charges were not warranted by the evidence and were therefore erroneous.

1. Appellants contend the trial court should not have charged the jury on accident since appellees did not raise such a defense in their pleadings, and the evidence did not raise a question of accident. However, it is undisputed that an unidentified yellow automobile cut suddenly in front of the Freed automobile, momentarily applied its brakes and went up the "Off" ramp to I-16. It was this action which caused Mrs. Freed to apply the brakes on her car, triggering this unfortunate chain of events. Testimony to this effect was introduced without objection. Such evidence would authorize a charge on accident, because a reasonable person could believe that the action of the yellow car caused the accident, rather than negligence on the part of either Mrs. Freed or Emerick. Our Supreme Court has held that if a charge to a jury is not authorized by the pleadings, but relates to an issue germane to the case which could have been alleged by amending the original petition, and evidence on this issue is introduced without objection, the charge will not require reversal on the ground that it was not authorized by the pleadings. *Tietjen v. Dobson,* 170 Ga. 123, 125 (1) (152 SE 222) (1930); *Walker v. Walker,* 209 Ga. 490, 493 (2) (74 SE2d 66) (1953). See also *Ryals v. McVey,* 98 Ga. App. 123, 125 (105 SE2d 240) (1958).

Our code defines accident as "an event that takes place without one's foresight or expectation; that which takes place or begins to exist without design." Code Ann. § 102-103. Our Supreme Court has defined accident, as the term is used in connection with personal injuries, as an injury which occurs without being caused by the negligence of either plaintiff or defendant. *Savannah Elec. Co. v. Jackson,* 132 Ga. 559, 563 (4) (64 SE 680) (1909). Accord, *Hieber v. Watt,* 119 Ga. App. 5, 9 (2) (165 SE2d 899) (1969). Thus, the trial court was correct in charging the jury on accident, based on the testimony admitted at trial without objection.

2. Appellants contend the trial court erred in charging the jury on sudden emergency, since the emergency was created by the defendant Emerick's own acts.

Ample evidence was presented to authorize the charge on an emergency created by the yellow car. The question as to whether the emergency was created by Emerick or another person was one for the jury under the charge given by the court that the defense of sudden emergency would be available to Emerick if he "was confronted with a sudden peril or emergency *which he himself did not create,"* as was the question of the existence of an emergency. *Hieber v. Watt,* supra at 10 (3). Appellants also contend that no sudden emergency existed because Emerick had sufficient time to take evasive action. This issue was also discussed in *Hieber,* where the plaintiff/appellant made a similar contention; we there held " 'that alone [possible avoidance] does not mean that there was no emergency. Indeed, the emergency doctrine, by its very nature, *presupposes* the existence of factors like these . . .' [Cits.]" *Hieber,* supra at 10. We find no error in this second enumeration.

3. In enumeration of error 3 appellants contend that by charging on avoidance, the court injected the "last clear chance" doctrine into the case. We disagree. Appellants argue that there is no evidence which suggested that the Freeds could have avoided the "speeding and reckless driving" of Emerick, or could have maneuvered to avoid a tractor-trailer, "driven by an indecisive, lane-shifting driver at an estimated speed of 64 miles per hour." The evidence authorized the charge and here again the matter was a question for the jury under the applicable law. "The rule that in order for the plaintiff to recover, he must have exercised ordinary care to avoid the consequences to himself caused by the defendant's negligence, is not limited to the negligence of the defendant which may have been actually discovered, but extends also to the negligence which might have been discovered by the exercise of ordinary care on the plaintiff's part." *Ga. Power Co. v. Maxwell,* 52 Ga. App. 430, 432 (3) (183 SE 654) (1936).

It is clear from the foregoing that the judge's charge did not inject the last clear chance doctrine into the case. In this enumeration we find no error.

4. Included in the court's charge to the jury was the following statement: ". . . for the Plaintiff to recover in any amount that the Plaintiff show . . . that the Plaintiff's injuries, if any, were approximately (sic) caused by negligence of the driver of the vehicle belonging to Defendant." Appellants contend this is an incorrect statement of Georgia law because it instructs the jury that appellants could not recover unless the injuries (to appellants) were caused by the *sole* negligence of defendant's driver, and thus ignores the comparative negligence rule. Nowhere in the quoted instruction did the trial court use the word "sole" in relation to proximate cause. Further, the appellants have taken the cited charge from one portion of the entire charge, for almost immediately after giving the cited charge the court went on to correctly charge the jury on the rule of comparative negligence. Thus, the charge complained of is taken out of context, without considering the entire charge to the jury. We have held that where one sentence of a charge to the jury is alleged as error, the entire charge must be considered, not just one sentence. *Lawhorn v. Gulf Oil Corp.,* 145 Ga. App. 80, 81 (243 SE2d 253) (1978). See also, *Johnston v. Woody,* 148 Ga. App. 152, 155 (3) (250 SE2d 873) (1978). Accordingly, this enumeration must fail.

5. Lastly, appellants contend the court erred by charging on the effect of two or more plausible theories of causation as this injected conjecture in the case. It is clear from our recitation of the evidence that there are two or more plausible theories as to the cause of the accident. The trial court charged *specifically* that the jury could not base its findings of fact on conjecture, and such findings would be unlawful. Hence, this enumeration likewise fails.

6. We find no error on the general grounds. The evidence is sufficient to support the verdict.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

Argued July 7, 1980 — Decided November 24, 1980 —
Rehearing denied December 16, 1980.

*Walter C. Hartridge,* for appellants.
*Griffin B. Bell, Jr., Steven E. Scheer, R. Patrick White,* for appellees.