## 62360. ELDER v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY.

BIRDSONG, Judge.

On February 22, 1979, Buford Lawson, driving a 40-foot bus owned by appellee M. A. R. T. A. (MARTA), entered Interstate 85 southbound at Lenox Road. Two cars entered the expressway immediately ahead of the bus and Lawson followed the second car 15 to 20 feet back, traveling 40 to 45 m. p. h. It was raining; traffic was slow; and Lawson could see that there had been an automobile collision ahead in the right lane in which the bus was traveling. As traffic began slowing down, Lawson decreased speed also. A van passed the bus on the left, suddenly pulled in front of the bus, and when the traffic slowed, the van driver "had to jam on his brakes and started sliding." The bus braked and skidded into the van, which ran into the car in front of it, which struck the car in which the appellant Peola Elder was a passenger. The van driver testified that the van's speed had been faster than that of the bus, which enabled him to pass the bus and change lanes in front of it; but that if he had known there was a collision ahead in the right lane he would not have made the lane change. He estimated that at the time he changed lanes the bus was "maybe four car lengths . . . a little bit more than a bus length" behind the car immediately ahead of it. Ms. Elder brought suit against MARTA for personal injuries allegedly received as a result of the bus driver's negligence. The jury returned a verdict for appellee. Appellant's motion for new trial was overruled and she appeals, enumerating seven errors, which will be considered seriatim.

1. Construed in the light most favorable to appellee, the prevailing party, the evidence was sufficient to support the verdict. Compare *Freed v. Redwing Refrigeration,* 156 Ga. App. 817 (275 SE2d 691).

2. Appellant complains of the excusal by the trial court upon its own motion of a prospective juror who was the son of a physician testifying in her behalf, contending that this did not constitute grounds for disqualification for cause. Appellee asserts that counsel for appellant failed to object to this juror's excusal, but the voir dire examination, if transcribed, was not included in the record on appeal. However, it was clearly within the scope of discretion afforded the trial court by Code Ann. § 59-716 to disqualify this juror for any financial or other interest his father may have had in the outcome of the suit. Since the terms of appellant's relationship (financial or otherwise) with her doctor are unknown, it cannot be said either that she was harmed or that the appellee benefited by the excusal of this juror; thus no abuse of discretion on the part of the trial court has

been shown. Cf., *Jennings v. Autry,* 94 Ga. App. 344 (94 SE2d 629). Moreover, in the absence of a transcript, we will presume that the trial court acted in accordance with the mandates of the law. *Bank of Clearwater, Fla. v. Kimbrel,* 240 Ga. 570, 572 (242 SE2d 16).

3. Appellant objected at trial to the admission of a deposition by appellee's expert medical witness without a prior showing of the unavailability of this witness to testify in person as required by CPA § 32 (a) (3) (Code Ann. § 81A-132 (a) (3)). The trial court replied: "I'm going to let him read it to the jury and let you make your objections to the record and I'll overrule them." At the close of the evidence counsel for appellant renewed his objections and was again overruled without any showing of the witness' unavailability. Appellant, relying upon *Building Assoc. v. Crider,* 141 Ga. App. 825, 828 (234 SE2d 666), urges that use of this deposition without the prerequisite finding of unavailability was reversible error.

We agree that Code Ann. § 81A-132 (a) (3) plainly requires a finding of unavailability before "[t]he deposition of a witness, whether or not a party, may be used . . . for any purpose. . . ." See *Stanfield v. Smith,* 152 Ga. App. 22 (5) (262 SE2d 216); *International Assn. of Bridge &c. Ironworkers v. Moore,* 149 Ga. App. 431 (9) (254 SE2d 438). However, we conclude that the violation of this mandate does not demand reversal in the instant case, because the testimony of this witness was not material to the verdict rendered by the jury.

In the deposition objected to, the witness, a medical doctor, stated that he examined the appellant six months after the collision only to make a report and to evaluate "possible injuries," not for treatment. He found some neck restriction but anywhere he touched her neck lightly elicited "comments of severe pain," which in his mind were "very definitely exaggerated"; he had no question "that she was embellishing her response to the amount of physical problems she was having." This evidence went only to the severity of appellant's injuries, and hence, the amount of damages to which she was entitled. Evidence of the existence or extent of appellant's injuries was not relevant to a determination of appellee's negligence and, in view of the verdict exonerating appellee of any liability, it was not material to the question presented to the jury. Thus the use of this deposition, though erroneous, was not harmful or prejudicial under these circumstances. "Only one who has been harmed is in a position to complain of an error." *Veal v. Fraser,* 155 Ga. App. 157, 161 (270 SE2d 250).

4. Appellant's objections to the court's giving in charge the doctrine of accident are without merit. " 'An accident, in a strict legal sense, as applied to negligence cases, refers to an event which is not proximately caused by negligence, but instead arises from an

unforeseen or unexplained cause. But it is also often used to indicate a happening which, although not wholly free from negligence by some person, was not proximately caused by a failure of either of the parties to a case to exercise ordinary care in the situation.' [Cit.]" *Simms v. Camp Concrete Co.,* 156 Ga. App 771, 773 (1) (275 SE2d 357). While appellee does not specifically raise such a defense in its pleadings, it did contend that but for the unforeseen action of the van, the collision would not have occurred. The accident charge was given to the jury immediately following instructions as to proximate cause, was a correct statement of the law, and was not misleading or confusing as insisted by appellant. See *Cohran v. Douglasville Concrete Products,* 153 Ga. App. 8 (1) (264 SE2d 507).

The evidence is convincing that the bus had sufficient stopping distance to avoid the slowing traffic before the van unexpectedly cut in front of it on the slick street, and that the collision was not the result of the bus driver's failure to exercise ordinary care. "Testimony to this effect was introduced without objection. Such evidence would authorize a charge on accident, because a reasonable person could believe that the action of the [van] caused the accident, rather than negligence on the part of [the bus driver]. Our Supreme Court has held that if a charge to a jury is not authorized by the pleadings, but relates to an issue germane to the case which could have been alleged by amending the original [answer], and evidence on this issue is introduced without objection, the charge will not require reversal on the ground that it was not authorized by the pleadings. [Cits.]. . . . Thus, the trial court was correct in charging the jury on accident, based on the testimony admitted at trial without objection." *Freed v. Redwing Refrigeration,* supra, pp. 818-819.

5. The issues of accident and sudden emergency are not inconsistent theories which cannot be applied together in the same case, as contended in enumeration 5; and the charge given on emergency was correct as a matter of law and adjusted to the evidence presented. " 'Whether an emergency existed or not, that issue, like all questions of diligence, negligence, contributory negligence and proximate cause except in plain and indisputable cases, was a question for determination by the jury. [Cits]' [Cits]." *Williams v. Atlanta Gas Light Co.,* 143 Ga. App. 400, 401 (2) (238 SE2d 756). Accord, *Palmore v. Stapleton,* 157 Ga. App. 691 (1) (278 SE2d 476).

6. Appellant asserts error in the court's failure to charge all of her contentions as requested and then instructing the jury that the burden of proof rested upon her as plaintiff "to prove or establish by a legal preponderance of the evidence that all of the essential contentions made by the plaintiff are true." Although no objection was made at the time it was given, she argues that this was an

improper charge because the law requires that only one of the contentions of the plaintiff be proved, not all of the acts of negligence alleged. While this argument may be meritorious in the abstract, it is not applicable to the instant case, and therefore does not constitute reversible error. *Sutphin v. McDaniel,* 157 Ga. App. 732 (2) (278 SE2d 490).

Appellant's sole legal contention was that MARTA's bus driver was negligent in the performance of his duties, thereby being the proximate cause of her injuries. Her contention was premised upon several factual allegations, any one of which if determined by the jury to be true would have authorized a finding of negligence. The trial court pointed out to the jury that the contentions of the plaintiff and defendant had been outlined and argued in the opening statements and closing arguments, and that inasmuch as they had heard the evidence presented in the case the issues were before them. In charging the jury that the plaintiff must prove "all the essential contentions," the direction was unmistakable that the plaintiff must establish the *one* "essential contention," i.e., the defendant's negligence, in *any* of the factual situations presented in order to recover. The court also instructed the jury "that if you do not find that the defendant was negligent *in some way* as contended by the plaintiff, that would be the end of your investigation . . ." further contravening the construction appellant seeks to place on the questioned language. (Emphasis supplied.) Taken as a whole, the court's charges on negligence clearly and fully embraced the appellant's "contentions," were applicable to the facts of the case and correct as abstract principles of law. "The jury resolved the factual questions concerning [appellee's negligence] contrary to those contentions. We find no error for any reason urged on appeal." *Firestone Tire &c. Co. v. Pinyan,* 155 Ga. App. 343, 349 (4) (270 SE2d 883).

7. We find appellant's challenge to the charge given on proximate cause, unsupported by citation of controlling authority or persuasive argument, to be unavailing. The exception to this charge was properly overruled, and no error appears for any reason assigned.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 16, 1981.

*Nick Long,* for appellant.
*Linwood R. Slayton, Jr.,* for appellee.