## 66906. WARREN v. COX.

DEEN, Presiding Judge.

Bruce Wheeler Warren brought an action for damages against Anthony Cox following an automobile accident. The jury returned a verdict in favor of the defendant and Warren appeals, contending that the trial court erred in charging contributory negligence, in failing to charge comparative negligence and in denying his motion for a new trial.

1. Questions of negligence, diligence, exercise of ordinary care, avoidance of consequences and last clear chance are issues for jury

resolution except in plain and palpable cases. *James v. Sears, Roebuck & Co.,* 140 Ga. App. 859 (232 SE2d 274) (1976); *Piland v. Meli,* 143 Ga. App. 783 (240 SE2d 193) (1977). Where there is conflicting testimony, as in the instant case, as to the circumstances surrounding the accident, the trial court did not err in charging on contributory negligence. (An examination of the entire charge reveals that the court did not charge the actual words "contributory negligence," but used the phrase "if . . . by the exercise of ordinary care [the plaintiff] could have avoided the consequences to himself . . .") The charge, when viewed as a whole, is a correct statement of the law, it is not confusing or unclear, and was authorized by the evidence. *Coffeen v. Doster,* 161 Ga. App. 529 (288 SE2d 327) (1982); *Camp v. T. E. Cline, Inc.,* 141 Ga. App. 328 (233 SE2d 280) (1977).

2. Appellant did not request a charge on comparative negligence and when the court declined to give appellee's requested charge on that issue, appellant made no objection and did not take exception to the failure to give such a charge after the court finished charging the jury. As a result, this issue has not been presented to this court for review. *Pappas Contracting, Inc. v. Harrison,* 163 Ga. App. 606 (295 SE2d 868) (1982).

3. "[W]here a jury returns a verdict, and it has the approval of the trial judge, on appeal that verdict must be affirmed if there is *any* evidence to support it. 'After a verdict, the evidence is construed in the light most favorable to the prevailing party, for every presumption and inference is in favor of the verdict.' [Cits.]" *Kirkland v. Moore,* 128 Ga. App. 34, 35 (195 SE2d 667) (1973). The trial court did not err in denying appellant's motion for a new trial.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED NOVEMBER 9, 1983.

*Teddy R. Price,* for appellant.
*Suzanne S. Barksdale,* for appellee.