## 69110. MAURER v. CHYATTE et al.
### (326 SE2d 543)

Carley, Judge.

The instant case arises from a three-car collision. Appellee-defendant Scott Chyatte was driving a vehicle owned by his mother, appellee-defendant Helen Chyatte. Mr. Chyatte drove his mother's vehicle into the rear of the preceding car. As a result, this second car struck the rear of the vehicle that appellant-plaintiff was driving. Appellant brought the instant suit against appellees, alleging that she had been physically injured as the result of the collision. The case was submitted to a jury and a verdict for appellees was returned. Appellant's motion for new trial was denied and she appeals.

1. Appellant enumerates the general grounds. Appellees did not contest the issue of liability for negligence in connection with the causation of the collision itself. They did, however, strongly contest the existence of the requisite causal connection between the collision and the physical injuries that appellant alleged she had sustained therein. We have reviewed the record and find that a verdict based upon the evidence supporting appellees' defense was not unauthorized. See generally *King v. Loyd*, 170 Ga. App. 638, 639 (1) (317 SE2d 879) (1984); *Hiter v. Shelp*, 134 Ga. App. 814 (216 SE2d 666) (1975); *Brown v. Nutter*, 125 Ga. App. 449 (188 SE2d 133) (1972).

2. Likewise, the issue of whether appellant had suffered a "serious injury" as the result of the collision was correctly submitted to the jury. See generally *Dabney v. Ammons*, 150 Ga. App. 737 (258 SE2d 551) (1979); *Pinkston v. Hagin*, 157 Ga. App. 2, 3 (2) (276 SE2d 67) (1981).

3. The giving of the following charge is enumerated as error: "[T]he testimony of a party who offers themselves as a witness in their own behalf is to be construed more strongly against that person when it is contradictory, vague or equivocal, and *is not entitled to a finding in their favor if that version of their testimony the most unfavorable to them shows the verdict should be against them*." (Emphasis supplied.)

The above-quoted portion of the trial court's charge does state two correct and interrelated abstract principles of law. See generally *Mattison v. Travelers Indem. Co.*, 167 Ga. App. 521, 525 (4) (307

SE2d 39) (1983). First, as indicated by the unemphasized portion of the contested charge, the testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when that testimony is self-contradictory, vague, or equivocal. See *White v. Rainwater*, 205 Ga. 219, 224 (52 SE2d 838) (1949). However, the correct legal principle that is contained in the emphasized portion of the contested charge has no applicability in a case unless there is *no* testimony — other than the party's own vague, contradictory and equivocal testimony — upon which a verdict in his favor might be returned. *Ray v. Green*, 113 Ga. 920 (39 SE 470) (1901); *Clark v. Bandy*, 196 Ga. 546, 561 (27 SE2d 17) (1943). See also *Western & Atlantic R. Co. v. Evans*, 96 Ga. 481 (23 SE 494) (1894); *Castile v. Burton*, 200 Ga. 877, 882 (2) (38 SE2d 919) (1946); *Fowler v. Glover*, 105 Ga. App. 216 (123 SE2d 903) (1962); *Mattison v. Travelers Indem. Co.*, supra.

Appellant was not the only witness who testified as to the crucial causation issue. In addition to her own testimony with regard to causation, appellant's physician was a witness on her behalf. However, appellees contend that the contested charge was nonetheless applicable and properly given in the instant case. According to appellees, the medical testimony that was given by appellant's physician was insufficient to authorize a finding of the requisite causal connection between the collision and appellant's physicial condition, and the jury was thus, in effect, left with only appellant's testimony upon which it could base a finding in her favor as to this issue. Appellees further characterize appellant's testimony in this regard as having been contradictory, vague and equivocal, and they therefore make the assertion that the contested charge was applicable and properly given.

Because it is the underlying premise of appellees' assertion regarding the applicability of their requested charge, the asserted evidentiary insufficiency of the testimony of appellant's physician will be the first issue addressed. Thus, "[a]ssuming, but not deciding, that the [appellant's] testimony was such that it should be construed most strongly against [her]," (*Fowler v. Glover*, supra at 217), we will initially determine whether appellant may nevertheless have been "entitled to have a jury decide" the causation issue based solely upon the testimony of her physician, in which event the emphasized portion of the charge was not adjusted to the case. *Fowler v. Glover*, supra at 218.

In cases that involve "issues of causation which, by the nature of the situation, [can] be resolved solely by expert medical evidence standing alone, . . . the evidence must naturally be based at least on reasonable probability. 'It appears to be well settled that medical testimony as to the possibility of a causal relation between a given accident or injury and the subsequent death or impaired physical or

mental condition of the person injured is not sufficient, standing alone, to establish such relation.' [Cit.]" (Emphasis deleted.) *Nat. Dairy Prods. Corp. v. Durham,* 115 Ga. App. 420, 422-423 (154 SE2d 752) (1967). The essence of the testimony given by appellant's physician was as follows: Although only a post-mortem examination would constitute conclusive proof, the symptoms that appellant exhibited would "only arise from damage to the spinal canal and spinal cord"; appellant had no pre-existing condition to account for these symptoms, all diseases had been "effectively ruled . . . out," and the "most plausible explanation was that [appellant's condition] was somehow related to scar tissue that had developed within the spinal cord"; sitting in an automobile that had been struck from the rear afforded "a reasonable description as to how injuries of this type occur" and, disease having been eliminated, "the *most probable cause* of [appellant's condition] was the accident." (Emphasis supplied.) It was the conclusion of the physician that the damage that he suspected existed in appellant's "spinal cord was related to the accident which [appellant] incurred previously."

This medical testimony, standing alone, would be more than sufficient to demonstrate at least a "reasonable probability" of a causal connection between the collision and appellant's physical condition and it would consequently authorize a finding for appellant as to this issue. It necessarily follows that appellant was not the "sole" witness as to the causation issue. Thus, even assuming that appellant's own testimony was contradictory, vague and equivocal, the emphasized portion of the charge was erroneously given in the instant case.

Appellees lastly contend that giving the erroneous instruction was harmless error. The premise of this contention is that the great weight of the medical evidence, as evidenced by the testimony of appellees' expert witnesses, was against the existence of a causal connection between the collision and appellant's asserted injuries. However, the weight and credit to be given expert testimony is for the jury. See *Central Truckaway System v. Harrigan,* 79 Ga. App. 117, 126 (5) (53 SE2d 186) (1949). Accordingly, the jury in the instant case would have been authorized to disregard the testimony of appellees' experts and to return a verdict for appellant based upon her physician's testimony. However, the contested charge had the effect of negating this possible outcome insofar as it focused *entirely* on appellant's testimony and instructed the jury that it should return a verdict against her *solely* because the most unfavorable version of appellant's own testimony did not warrant a finding in her favor. Thus, under the evidentiary posture of the instant case, the contested instruction "would violate [OCGA § 24-4-4] which authorizes the jury to consider all the facts and circumstances of the case in determining where the preponderance of the evidence lies." *Slaton Machine Sales v. Owens-*

*Illinois*, 138 Ga. App. 80, 82 (225 SE2d 473) (1976). This was harmful error requiring the grant of a new trial.

4. Error is enumerated as to the giving of the following charge: "[A] verdict cannot be based on mere conjecture, speculation or suspicion. The evidence must establish a connection between the acts charged and the injury alleged as its effect before the plaintiff can be permitted to recover. A possible cause cannot be accepted by a jury as the operating cause unless the evidence excludes all others or shows something in the way of direct connection with the occurrence."

In *Womack v. St. Joseph's Hosp.*, 131 Ga. App. 63, 64 (3) (205 SE2d 72) (1974), it was recognized that, when "[t]aken out of context, the challenged instruction might, under the facts of this case, be subject to attack." However, when considered in conjunction with the other "voluminous instructions" given in the case, the charge was ultimately held not to constitute reversible error, the court being "of the opinion that there could be no misunderstanding or confusion on the part of the jury." *Womack v. St. Joseph's Hosp.*, supra at 64.

Since the instant case must be reversed for the reason discussed in Division 3, we need not determine whether the contested instruction constitutes an additional ground for reversal. Making such a determination in the instant case would serve no useful purpose. Since *Womack* recognizes that a determination as to the erroneousness of the instruction must ultimately be based upon a consideration of the entirety of the charge in which it is given, whether the contested instruction would constitute reversible error if given at the retrial of the instant case will depend upon the entirety of the charge that is given at that time. However, since *Womack* recognizes that the contested instruction is at the very least "subject to attack," prudence would perhaps dictate that it be avoided at retrial altogether.

*Judgment reversed. Beasley, J., concurs. Birdsong, P. J., concurs in the judgment only.*

DECIDED JANUARY 25, 1985.

*Glenville Haldi*, for appellant.
*J. Kenneth Moorman, Marjorie M. McCaw*, for appellees.