## 69870. WEATHERS et al. v. COWAN et al.
### (335 SE2d 392)

Pope, Judge.

Appellants Mr. and Mrs. Weathers brought suit against appellees Cowan and Time D. C., Inc. seeking to recover for injuries allegedly sustained by Mrs. Weathers and loss of her consortium resulting when the car she was driving collided with a truck driven by Cowan and owned by his employer, Time D. C., Inc. After a trial by jury, appellants appeal from a judgment entered on a verdict in favor of appellees and the subsequent denial of their motion for new trial.

1. Appellants first assert that the trial court erred in allowing appellees' counsel to inquire of Mrs. Weathers on cross-examination regarding certain rental property belonging to appellants. Objection was made based upon a lack of relevance, and it was overruled. On appeal appellants argue that the trial court impermissibly allowed evidence of their worldly circumstances to be injected into the case. Appellants rely on "[t]he general rule . . . that evidence of the wealth or worldly circumstances of a party litigant is never admissible, except in those cases where position or wealth is necessarily involved." *Northwestern Univ. v. Crisp*, 211 Ga. 636, 641 (88 SE2d 26) (1955).

Contrary to appellants' contentions, we find no basis for reversal on this ground. We do not find the evidence constituted "worldly circumstances" but, even assuming it did, in light of Mrs. Weathers' previous testimony on direct examination, the evidence objected to was relevant. On direct Mrs. Weathers testified as to her various activities which had been limited, curtailed or made impossible after the collision and her resulting injuries. Among these was gainful employment. Although unemployed when injured, Mrs. Weathers testified that as a result of her injuries she was unable to physically perform the secretarial work she had previously done. Since the collision, she testified, she had been unable to find a job which she was physically capable of performing. Mrs. Weathers specifically complained of the discomfort brought on by sitting for any period of time. On cross-examination appellees' counsel established that although Mrs. Weathers had visited several doctors, none had told her that she was physically incapable of working. To show that Mrs. Weathers had been active since the collision, appellees' counsel adduced evidence without objection on cross-examination to show that since the collision she had traveled on vacation with her husband by car on several occasions to their home in Panama City, Florida, to their home at Lake Jackson, as well as to several cities in Georgia for meetings. The transcript supports appellees' argument that Mrs. Weathers was asked about the rental houses to further show that she had remained active. Although her answers showed that her involvement was limited to accepting the rent payments, the brief questioning was aimed at establishing that her time

had been occupied with her interests in the rental houses. The questions were, thus, relevant to the issue of her asserted disability following the collision. "The admission of evidence is a matter which rests largely within the sound discretion of the trial judge. However, [t]he Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value. Evidence of doubtful relevancy or competency should be admitted and its weight left to the jurors." (Citations and punctuation omitted.) *Southern Bell Tel. &c. Co. v. Coastal Transmission Svc.*, 167 Ga. App. 611, 618 (307 SE2d 83) (1983). "Where evidence is offered and objected to, if it is competent for any purpose, it is not erroneous to admit it. [Cits.]" *Gordon v. Gordon*, 133 Ga. App. 520, 522 (211 SE2d 374) (1974). The challenged testimony was relevant as it tended to illustrate the contested question of Mrs. Weathers' disability and for that reason was competent. Cf. *Northwestern Univ. v. Crisp*, supra.

2. Appellants next contend that the trial court erred when, over objection, the jury was instructed thus: "Testimony of a party who offers himself or herself as a witness in his or her own behalf is to be construed most strongly against such party when it is self-contradictory, vague, or equivocal, and *that party is not entitled to a finding in his or her favor if that version of testimony that is most unfavorable to that party shows that the verdict should be against that party.*" (Emphasis supplied.) Appellants argue that the charge was not authorized by the evidence and, thus, provides a basis for reversal.

The collision occurred around dusk on Saturday November 24, 1980 on the four-laned southbound side of Interstate 285 in DeKalb County between the entrance ramp from Bouldercrest Road and the next exit ramp for Moreland Avenue. Mrs. Weathers entered southbound I-285 from Bouldercrest, then moved into the second lane from the outside. She was driving her Chevrolet Citation automobile between 50 and 55 miles per hour when she collided with the tractor-trailer truck driven by Cowan. Cowan was in the lane to her immediate left. The point of impact was the right front hub wheel of Cowan's tractor. His speed was approximately 50 miles per hour. After the collision, her car crossed the two lanes to her left and she struck the inside concrete median. Thereafter, she drove her car to a nearby service station. Mrs. Weathers testified that she was within her lane; that she never saw Cowan's truck; and that she never saw anything to the left or right of her. She stated: "I was just driving in my lane out 285, and then all of a sudden, I was hit. I didn't know by what or who[m]." Although she contends that Cowan left his lane and moved across to hit her, she never saw him. Cowan's testimony was that he was in the third lane from the outside *preparing to* move to the right lane to exit at Moreland Avenue. He had his right turn blinking sig-

nals turned on as well as running lights. He checked in his mirrors to see if anything was behind or beside his truck and saw nothing. At the time he felt the impact, he had not moved from his lane and he never saw Mrs. Weathers before the collision. His testimony was arguably self-contradictory, however, on the question of whether he had been passed by or had passed any vehicles during the period of time shortly before the impact. He also admitted that he entered a guilty plea to a charge of improper lane change. Mrs. Weathers' own testimony was self-contradictory on the issue of her alleged disability. See Division 1, supra.

"The above-quoted portion of the trial court's charge does state two correct and interrelated abstract principles of law. See generally *Mattison v. Travelers Indem. Co.*, 167 Ga. App. 521, 525 (4) (307 SE2d 39) (1983). First, as indicated by the unemphasized portion of the contested charge, the testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when that testimony is self-contradictory, vague, or equivocal. See *White v. Rainwater*, 205 Ga. 219, 224 (52 SE2d 838) (1949). However, the correct legal principle that is contained in the emphasized portion of the contested charge has no applicability in a case unless there is *no* testimony — other than the party's own vague, contradictory and equivocal testimony — upon which a verdict in his favor might be returned. *Ray v. Green*, 113 Ga. 920 (39 SE 470) (1901); *Clark v. Bandy*, 196 Ga. 546, 561 (27 SE2d 17) (1943). See also *Western & Atlantic R. Co. v. Evans*, 96 Ga. 481 (23 SE 494) (1894); *Castile v. Burton*, 200 Ga. 877, 882 (2) (38 SE2d 919) (1946); *Fowler v. Glover*, 105 Ga. App. 216 (123 SE2d 903) (1962); *Mattison v. Travelers Indem. Co.*, supra." *Maurer v. Chyatte*, 173 Ga. App. 343 (3) (326 SE2d 543) (1985).

Appellees argue that the challenged portion of the charge to the jury applies to the testimony of both parties and, thus, constitutes no error. We disagree. While the charge was phrased neutrally and arguably could have described both as vague, equivocal or self-contradictory, insofar as it related to appellants it was inapplicable. Aside from Mrs. Weathers, appellants presented witnesses on the issues of liability and causation. Although not an eyewitness to the collision, Officer Bailey of the DeKalb County Police Department testified that he arrived on the scene shortly after it occurred. Relying upon his handwritten report of the accident, Officer Bailey testified without objection that Cowan told him that while he was attempting to change lanes, he struck Mrs. Weathers' automobile in the left side causing her to lose control and strike the retaining wall. He further stated that the foregoing statement of Cowan formed the basis for the charge against him for improper lane change. Officer Bailey's testimony relating Cowan's res gestae statements was admissible. See

OCGA § 24-3-3; *Land v. McClure*, 135 Ga. App. 243 (2) (217 SE2d 600) (1975). The jury was, thus, provided with competent evidence, other than Mrs. Weathers' testimony, upon which a finding of appellees' liability could be based. On the issue of causation, one of appellants' expert witnesses, Dr. Yusufji, an orthopedic surgeon who treated Mrs. Weathers following the collision, testified that in his opinion the injuries from the collision had a causal relationship to the abnormalities in her knees, back, and neck which he found on examining her. The jury in this case would have been authorized to find sufficient evidence of causation, apart from Mrs. Weathers' testimony, based upon Dr. Yusufji's testimony. However, the portion of the trial court's charge at issue herein had the effect of negating Officer Bailey's testimony as well as that of Dr. Yusufji. "Thus, under the evidentiary posture of this instant case, the contested instruction 'would violate (OCGA § 24-4-4) which authorizes the jury to consider all the facts and circumstances of the case in determining where the preponderance of the evidence lies.' *Slaton Machine Sales v. Owens-Illinois*, 138 Ga. App. 80, 82 (225 SE2d 473) (1976). This was harmful error requiring the grant of a new trial." *Maurer v. Chyatte*, supra at 345-46.

3. Appellants again challenge a portion of the trial court's instruction to the jury, assigning error to the inclusion of the principles of avoidance, comparative negligence and contributory negligence. We find no error. The issue of how the collision occurred was before the jury. Cowan testified that he did not see Mrs. Weathers in the lane to his right, but had begun preparation for a change in lanes to his right, i.e., blinking signals indicating a move to the right. Mrs. Weathers, on the other hand, testified that she never saw Cowan at all even though he was, at the time of the impact, driving a tractor-trailer truck apparently to her immediate left. The jury was authorized to find that a prudent driver of a small automobile would, considering the proximity and relative similarity of speed, notice or be aware of the presence of the much larger vehicle to the immediate left. The failure to exercise the reasonable care required in this situation was a question for the jury. " 'The rule that in order for the plaintiff to recover, he must have exercised ordinary care to avoid the consequences to himself caused by the defendant's negligence, is not limited to the negligence of the defendant which may have been actually discovered, but extends also to the negligence which might have been discovered by the exercise of ordinary care on the plaintiff's part.' *Ga. Power Co. v. Maxwell*, 52 Ga. App. 430, 432 (3) (183 SE 654) (1936)." *Freed v. Redwing Refrigeration*, 156 Ga. App. 817, 819 (275 SE2d 691) (1980). The trial court did not err in charging on the principles cited in this enumeration.

*Judgment reversed. Banke, C. J., McMurray, P. J., Birdsong,*

*P. J., Carley, Sognier, and Benham, JJ., concur. Beasley, J., concurs specially. Deen, P. J., dissents.*

BEASLEY, Judge, concurring specially.

I somewhat reluctantly agree that the jury instruction discussed in Division 2 is erroneous and that the appellants are entitled to a new trial on that account. Reticence is based on two factors.

One, the instruction extricated from the whole here and examined microscopically can be construed as not misstating the law. The jury charge must be considered in its entirety, because that is how the jury heard it and because the entire charge comprised the jury's marching orders. Reviewing the court's instructions on the subjects of evidence and burden of proof, the court's charge fairly and fully set out the rules which the jury should apply in construing and weighing the evidence and fitting it into the framework of burdens, in its fact-finding process. The court did instruct the jury to take *all* of the evidence into account: "In determining these matters, the jury may consider all the facts and circumstances of the case," is an example. Another is: "you would believe that evidence which is most reasonable and most credible to you and you would settle the issues by the greater weight or preponderance of the evidence as you find it to be." Thus the jury was told several times to consider the composite picture.

The instruction complained of here is not contained in the first or second editions of the *Suggested Pattern Jury Instructions, Civil Cases*, nor in the earlier *Jury Instructions, Civil* book either. Yet, it may not be an uncommon charge. It was given in the midst of that portion of the charge dealing with burdens and evidence, and in the context of the whole charge, it can be argued that the missing caveat is inferred. That is, that it goes without saying that the jury should find against a party if the only evidence favoring that party is his or her own equivocal (or vague or contradictory) testimony. In other words, if such is the party's best, it is not sufficient to support a verdict; it does not establish the claim. As applies to a plaintiff, it would fall short of constituting a favorable preponderance. As applies to parties defendant, which was peculiarly embraced in the instruction here, it would not rise to show the defense claimed. Of course, if the second part of the instruction applies to parties defendant at all, the jury would have to go further and still find in addition that the plaintiff's case was proved by a preponderance. A plaintiff could not prevail just because the defendant's testimony was equivocal, vague, or contradictory; a prima facie case would have to be made out. The court in this case fashioned both the first and second principles to fit the defendant as well as the plaintiff. The first principle, that a party's equivocal testimony is to be construed against that party (i.e.,

the unfavorable version should be taken), applies to both plaintiffs and defendants. *Long Cigar & Grocery Co. v. Harvey*, 33 Ga. App. 236, 237 (125 SE 870) (1924). The second principle, that a party is not entitled to a verdict if the unfavorable version of that party's equivocal testimony is the only evidence that party has, is generally only applied to plaintiffs. That is, a plaintiff cannot recover unless there is evidence other than plaintiff's equivocal testimony to support the claim. See, e.g., the cases cited for the principle in the majority opinion. This second principle is a rather obvious one and follows as a matter of course from the first, when the burden of proof is kept in mind. Once the factfinder concludes that the plaintiff's testimony is equivocal, it knows it must take the unfavorable version. And having taken the unfavorable version, it would have to conclude that the burden of establishing the claim by a preponderance was not met unless, "considering all the facts and circumstances of the case" and "believing that evidence which is most reasonable and credible," it found the claim was made out by the other evidence.

But I cannot assume that the jury drew that inference about the instruction from the charge itself as a whole, or from its collective common sense. This leaves a doubt which I must resolve in favor of the plaintiffs who did not get the correct charge and whose loss of the verdict may have been occasioned thereby. That being the case, I cannot say it was harmless error to omit the "no other evidence" condition.[1]

The second factor which draws reluctance is that it is hard to believe that the jury understood the instruction as the court here concludes was its meaning. It is a very long and complicated sentence, containing several legal principles which are then linked together into a relationship which posits a certain legal result. One of the principles is conditioned upon the existence of the other, and the final result is stationed mid-way between several interim steps. To follow this single-sentenced instruction, isolated as it is here, the jury would have to go through these steps: first, find that the testimony of one of the parties was self-contradictory, vague, or equivocal; second, apply the rule that such testimony is to be construed *against* that party, and thus take the unfavorable version; third, find a verdict against that party. Whether the jury understood the instruction at all is doubtful, due to its complexity. The jury received it only once, by listening to it

---

[1] What is unusual here is that the other evidence was supplied by the defending driver, by way of his statement to the investigating officer and his plea to the charge of improper lane change. Ordinarily, the saving evidence comes from plaintiff's own witnesses, and the issue arises in the context of a motion for directed verdict raised by defendant at the close of plaintiff's evidence and formerly referred to as a motion for "nonsuit." See the cases listed in the majority's quotation from *Mattison v. Travelers Indem. Co.*, 167 Ga. App. 521, 525 (4) (307 SE2d 39) (1983). *Mattison* itself relates to a jury instruction, however.

being read along with the rest of a long charge. It was not repeated nor was it written for re-examination in the jury room, so no emphasis was put upon it at any time or in any way. It, like so many instructions, was couched in the legal language appearing in opinions written for lawyers and judges and not translated into current, common lay parlance, as is authorized. See *Mercer v. Woodard*, 166 Ga. App. 119, 120 (1) (303 SE2d 475) (1983), and *Shackelford v. Whatley*, 172 Ga. App. 127, 130 (5) (322 SE2d 331) (1984), which recognize the trial court's use of its own language in preference to that contained in a request. Except for the missing condition as to "no other evidence," it is true that the present change nearly followed the wording of the correct instruction as set out long ago. *See Charleston &c. R. Co. v. Thompson*, 13 Ga. App. 528, 538 (2) (80 SE 1097) (1913), rev'd on other grounds, 234 U. S. 576 (34 SC 964, 58 LE 1476) (1914). But instructions must be tailored to plainly convey legal principles to today's jury. More clearly worded instructions are necessary in order to avoid what we have here, a re-trial of a carefully tried two-day case, which was tended to with vigor and full attention by parties, counsel, witnesses, judge, and jurors.

DEEN, Presiding Judge, dissenting.

On June 12, 1985, this court handed down an opinion affirming the trial court. On July 30, 1985, this court vacated the former and substituted a new opinion reversing the trial court. In the second "motion for rehearing appellant's able attorney ardently argues his abhorrence to our adherence" to the rendering of the latter opinion. *Eschen v. Roney*, 127 Ga. App. 719, 723 (194 SE2d 589) (1972). "The instant appeal is confirmation that rehearing motions are considered closely and in detail because judges recognize they are subject to the affliction called 'judicial astigmatism,' which may be both visual and mental." *Ramsey v. Thomas*, 133 Ga. App. 869 (212 SE2d 444) (1975).

1. It is my opinion that the trial court did not err when, over objection, the jury was instructed: "Testimony of a party who offers himself or herself as a witness in his or her own behalf is to be construed most strongly against such party when it is self-contradictory, vague, or equivocal, and that party is not entitled to a finding in his or her favor if that version of testimony that is most unfavorable to that party shows that the verdict should be against that party." It is argued that the charge was not authorized by the evidence and, thus, provides a basis for reversal. To this I cannot agree. A review of the transcript reveals that, to some extent, the charge was applicable to testimony of both parties. No witnesses other than Mrs. Weathers and Cowan testified as eyewitnesses to the collision.

The collision occurred late on Saturday, November 24, 1980, on the four-lane southbound side of Interstate 285 in DeKalb County be-

tween the entrance ramp from Bouldercrest Road and the next exit ramp, which is Moreland Avenue. Appellant entered southbound I-285 from Bouldercrest, then moved into the second lane from the outside. She was driving her Chevrolet Citation automobile between 50 and 55 miles per hour when she collided with the tractor-trailer truck driven by Cowan. The latter was in the lane to her immediate left. The point of impact was the right front wheel of Cowan's tractor. His speed was approximately 50 miles per hour. After the collision, appellant's car crossed the two lanes to her left; she struck the inside concrete median, and then drove her car to a nearby service station. She testified that she was within her lane, that she never saw Cowan's truck, and that she never saw anything to the left or right of her. She stated: "I was just driving in my lane out 285, and then all of a sudden, I was hit. I didn't know by what or who[m]." She contends that Cowan left his lane and moved across to hit her, but that she never saw him. Appellee Cowan testified that he was in the third lane from the outside preparing to move to the right lane to exit at Moreland Avenue, and that he had his right-turn signals turned on, as well as running lights. Cowan checked in his mirrors to see if anything was behind or beside his truck and saw nothing. At the time he felt the impact, he had not moved from his lane and did not see Mrs. Weathers' vehicle before the collision. His testimony was arguably self-contradictory on the question of whether he had been passed by or had passed any vehicles during the period of time shortly before the impact. Cowan admitted that he entered a guilty plea to a charge of improper lane change. Weathers' testimony was self-contradictory on the issue of her alleged disability. While refusal to give this charge would probably not have constituted error in this case (compare *Fuels, Inc. v. Rutland*, 123 Ga. App. 23 (4) (179 SE2d 290) (1970)), no reversible error appears from its inclusion. From examination of the entire thirty-eight transcript pages of the trial court's charge to the jury I find it to be fair, complete, and accurate when considered as a whole. "A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, although when put together and considered as a whole, it may be perfectly sound." *Brown v. Matthews*, 79 Ga. 1 (1) (4 SE 13) (1887).

2. Another enumeration of error complains of the denial of a motion for new trial. "Where a jury returns a verdict and it has the approval of the trial judge, on appeal that verdict must be affirmed if there is *any* evidence to support it. After a verdict, the evidence is construed in the light most favorable to the prevailing party, for every presumption and inference is in favor of the verdict. The trial court did not err in denying [appellants'] motion for a new trial." (Citations and punctuation omitted.) *Warren v. Cox*, 168 Ga. App. 818, 819 (310 SE2d 569) (1983). I would therefore affirm the action of the trial

court. It has long been established: "We suppose we must give him the benefit of every presumption on both branches of the case; and, so doing, we cannot pronounce with due legal certainty that he erred. We can suspect him of error, but cannot convict him. We held up the case from the last term, when it was argued, until the close of the present term, and used all reasonable diligence to discover the alleged errors. But the farthest advance we could make was into doubt. We entered that dim, misty atmosphere, and could neither go forward nor return. There we rest." *Gray v. Willingham*, 59 Ga. 858, 859 (1877).

I must respectfully dissent for the reasons set forth.

DECIDED JULY 30, 1985 —
REHEARING DENIED SEPTEMBER 13, 1985 — CERT. APPLIED FOR.

*Thomas W. Thrash*, for appellants.
*Arnold Wright, Jr., Alan L. Newman*, for appellees.