WILLIAMSON *v.* PURITY BAKERIES OF INDIANA,
INCORPORATED.

[No. 14,816.  Filed January 25, 1935.  Rehearing denied October
18, 1935.  Transfer denied February 5, 1936.]

*Fenton, Steers, Beasley & Klee* and *James C. Jay,* for
appellant.

*Fesler, Elam & Young* and *Irving M. Fauvre,* for appellee.

SMITH, C. J.—Appellant sued appellee for damages to his motor truck resulting from a collision upon a public highway in the State of Indiana, with a truck belonging to the appellee.

The complaint is in one paragraph, and alleges in

substance that the appellant was the owner of a certain truck; and that, while carefully and lawfully driving the same on a highway in the State of Indiana, the appellee through its agent and employee carelessly and negligently drove and operated its truck at a high and dangerous rate of speed, which was greater than was reasonable having regard for the way, and negligently and carelessly failed to keep a proper lookout, and ran into and against the truck of appellant, thereby damaging it. Then follows a prayer for damages for the use of the truck while the same was being repaired, and for the injury thereto.

To this complaint the appellee filed an answer in two paragraphs: (1) A general denial; (2) an affirmative answer. On account of the question in the case being the sufficiency of the second paragraph of answer, we deem it advisable to set it out in full, which is as follows:

> "*Paragraph Two.* The defendant, for a second and further paragraph of answer, says that this suit is not brought by the real party in interest, and in support of this conclusion alleges that at the time of this accident the plaintiff had a policy of insurance issued by the State Automobile Insurance Association; that said State Automobile Insurance Association is a reciprocal insurance organization whose affairs are handled by an attorney-in-fact and the plaintiff at the time of the accident had a policy which protected it against damages to its truck in such an accident as this, and that thereafter the State Automobile Insurance Association reimbursed the plaintiff for its damages in this accident and as a result of said reimbursement became subrogated to whatever claim the plaintiff might have had on account of said accident, and that so much of the plaintiff's complaint as is based on a claim for lost use of the truck is based on a demand for damages of a speculative character that cannot properly be recovered in this action and that the only damages which are in question are the damages resulting from the cost of repairing plaintiff's truck and that the plaintiff for these damages

has been fully reimbursed by the State Automobile Insurance Association and whatever claim ever existed against anyone on account of having contributed to said damages is now by operation of law transferred and assigned to the State Automobile Insurance Association and that said claim is now the property of the various individuals and corporations who composed said Association at the time of the accident, and that this defendant has no way of knowing the names of said individual members, but that their names can be readily ascertained by the plaintiff and that the plaintiff is a member of said Association and entitled to inspect its books and records and discover the names of such individuals, and that this information is available to the plaintiff but not to the defendant, and is also available to the State Automobile Insurance Association and that said State Automobile Insurance Association is the real party in interest on plaintiff's side and the only party in interest.

"*Wherefore,* this defendant says that the plaintiff should take nothing by its complaint."

To this second paragraph of answer the appellant filed a demurrer alleging insufficiency of facts, with memorandum as follows:

"MEMORANDUM.

"The defendant in its second paragraph of answer attempted to defeat the claim of the plaintiff on the theory that the plaintiff's damage and loss have been fully paid and satisfied by the State Automobile Insurance Association, a company in which plaintiff carried insurance. Admitting this fact to be true, as we must for the purpose of this demurrer, still we do not believe defendant's second paragraph of answer constitutes a good defense to plaintiff's claim because the fact that the plaintiff might have carried insurance and been fully paid for his loss cannot be raised or used as a defense to diminish or defeat a recovery on the part of the plaintiff under his claim or reduce defendant's liability to the plaintiff."

The trial court first sustained this demurrer; later, when appellee filed a motion to reconsider the ruling on

the demurrer, the trial court reconsidered the same, and overruled appellant's demurrer, to which ruling appellant excepted.

Upon being ruled to reply to the second paragraph of answer, appellant refused, and abided the ruling of the court on said demurrer. Judgment was rendered thereupon in favor of the appellee, that appellant take nothing, and that appellee recover its costs.

The only error assigned is the action of the court in overruling the demurrer of appellant to the second paragraph of appellee's answer.

The demurrer to the second paragraph of answer presents the only question for review, which is, Does the payment of the loss in full to the insured by the insurance company thereby operate to bar the right of the insured to recover damages from the wrongdoer for the loss?

Appellee contends that when the insurance company reimbursed appellant for its damages in full, it thereby became subrogated to whatever claim appellee might have had; and that by operation of law this transferred and assigned to the insurance company said claim which is now its property; and that such insurance company is the real party in interest, and the only one which could recover damages for the injury.

Appellant contends that such payment by the insurer to the insured does not operate to bar the right of the insured to recover damages from the wrongdoer, and cannot be set up as a defense thereto.

Among the cases cited and relied upon by the appellee are the cases of *John A. Boyd Motor Company* v. *Claffey* (1932), 94 Ind. App. 492, 165 N. E. 255, and *Pittsburgh, etc., R. Company* v. *The Home Insurance Company* (1915), 183 Ind. 355, 108 N. E. 525. Appellee also cites other cases which we have examined, but they are not in point. The two cases above are the principal cases

cited by appellee from our own state which have any direct bearing upon the question.

To sustain his position appellant cites and relies upon the cases of *Cunningham et al.* v. *The Evansville and Terre Haute Railroad Company* (1885), 102 Ind. 478, 1 N. E. 800; and *The Lake Erie and Western Railroad Company* v. *Griffin* (1893), 8 Ind. App. 47, 35 N. E. 396.

Appellee contends that the Cunningham and Griffin cases, *supra*, have been overruled by more recent cases, and especially by the Claffey Case, *supra*, which was decided by this court February 19, 1929, and transfer denied June 10, 1932. We cannot accept appellee's contention, for the Cunningham and Griffin cases have never been overruled or modified by our courts, and are controlling upon the question herein.

In this case the insured brought the action against the wrongdoer for damages to his truck; and the wrongdoer admits for the purposes of the demurrer that it, the appellee, was negligent, and caused the damage to appellant, but contends that because appellant was paid his damages by an insurance company, the appellant is thereby barred from bringing any action against the wrongdoer. In other words, appellee contends that the payment of the loss by the insurance company is a complete bar to the right of the insured to recover from the wrongdoer because the insurance company was subrogated to the rights of the insured; and that, by reason of the payment of the loss, the law transferred and assigned to the insurance company the exclusive right to bring the action, which, in effect, would amount to an equitable assignment; and that thereby appellee is not the real party in interest, and has no right of action.

The Cunningham Case, *supra*, was decided by our Supreme Court at the May term in 1885, after the passage of the statute (§258, Burns' Ann. St. 1926; §2-201, Burns 1933, §16, Baldwin's Ind. St. 1934) providing

that every action must be prosecuted in the name of the real party in interest, with certain exceptions therein. The Cunningham case was an action brought by appellants against the appellee railroad company for damages for the loss of their property by fire. The complaint was in several paragraphs, and alleged negligence on the part of the railroad company in emitting sparks to appellants' property. The appellee railroad company filed five paragraphs of answer; the first, in general denial; and the other four being substantially alike, setting up that the appellants were insured against loss by fire in divers insurance companies, and upon proofs of loss had been actually paid and received payment in full for such loss, and that thereby the right of action for the damage due to destruction of the property belonged to the insurance companies by reason of the payment of insurance, and that appellants were not the real parties in interest. In some of the paragraphs of answer, the appellee alleged that the loss was greater than the amount of insurance, and that as to the sum paid by the insurance company, the right of action to recover such sum could not be maintained by appellants. However, the question raised is identical with the question in the instant case. Passing upon this case, the Supreme Court said that the questions involved were: (1) Was the claim of appellants "barred by reason of the fact that they had received from certain insurance companies, in which they had insured such property against loss by fire, certain sums of money, amounting in the aggregate to more than the value of their property so burned and destroyed, and to more than the loss or damages sustained by them"; and (2) was the claim "barred in part as to the amount of the insurance money so received by them for the burning and loss of such property from such insurance companies." The Supreme Court further said (p. 482, Cunningham case) :

"... the appellee claims in its answer, that, to the extent the appellants were indemnified for their damages resulting from the destruction of their property by fire by their contracts of insurance against loss by fire, it, the appellee, is exempt from liability to them for such damages, although the destruction of their property by fire was caused by and through its negligence, without their contributory fault. These positions can not be maintained. The contracts of the appellants for the insurance of their property, with the insurance companies, and their subsequent conduct in relation thereto, are matters in which the appellee, as the wrongdoer, had no concern, and which do not affect the measure of its liability. So the law seems to be uniformly settled elsewhere, and we know of no sufficient reason for adopting a different rule of decision in this State . . . (and cases here cited) . . .

"The appellants claimed that their property had been consumed and destroyed by and through the actionable negligence of the appellee. In such a case they would be entitled to recover their entire loss from the appellee; and the fact that the insurance companies, in which their property was insured, had paid them the amount of such insurance, we think, did not constitute any defense whatever to the appellants' action. We are of opinion, therefore, that the trial court erred in overruling the appellants' demurrers to the second, third and fourth paragraphs of appellee's answer."

The question here is not one whether the insurance company had the right to bring the action, for we think under proper pleadings there can be no questioon but that they would have such right, but, Can the wrongdoer plead the payment of loss by the insurance company and bar the right of the insured to recover?

As has been said by some courts, outside of our own jurisdiction, it is no concern of the wrongdoer (which is the appellee in this case) who gets the money, if he is liable for damages. The only question that concerns him is that he is not cut off from any just set-off or counterclaim, and is fully protected

when discharged. As was said in the case of *Sturgis* v. *Baker* (1903), 43 Ore. 236, 241, 72 Pac. 744:

"The statute requiring that every action shall be prosecuted in the name of the real party in interest (B. & C. Comp., §27) was enacted for the benefit of a party defendant, to protect him from being again harassed for the same cause. But if not cut off from any just offset or counterclaim against the demand, and a judgment in behalf of the party suing will fully protect him when discharged, then is his concern at an end. This is the test as to whether such a defense is properly interposed (*Giselman* v. *Starr*, 106 Cal. 651, 40 Pac. 8)."

This doctrine is supported by many authorities which need not be cited here.

Appellee contends that, if appellant would be permitted to prosecute his claim to judgment and should recover, appellee might be subjected to another claim by the insurance company. We think that, if the appellant should prosecute his claim to judgment, and recover of appellee, the payment of the judgment by appellee would fully release it from any further liability, and protect it against any further claim by the insurance company, or anyone else. This doctrine was announced in the case of *St. James Co.* v. *Security Trust, etc., Co.* (1903), 81 N. Y. Supp. 739, 741, and affirmed in 178 N. Y. 560, 70 N. E. 1108, in which the court said:

". . . the defense sought to be proved would not, if established, be available, because payment of the judgment to the plaintiff will fully protect the defendant against claims by third parties. This, under the authorities, is the test as to whether or not the plaintiff is the real party in interest."

In the Griffin case, *supra,* this court said (p. 49):

"It is next insisted that the court erred in sustaining appellee's demurrer to the second paragraph of answer. The rule is well settled that where, by the actionable negligence of a railroad company, fire escapes from its right of way to adjoining

property, which is thereby consumed, the owner of such property can recover his entire loss from such company without regard to the amount of insurance he may have been paid thereon. *Cunningham* v. *Evansville, etc., R. Co.,* 102 Ind. 478."

We think the case of *Pittsburgh R. Company* v. *Home Insurance Company, supra,* cited by appellee, does not sustain appellee's position, nor is it in conflict with the Cunningham or Griffin cases, *supra.* In that case the insurance company brought an action against the wrongdoer for the loss which under its contract of insurance with the insured it had been obligated to pay. The only real question presented therein was whether or not an insurance company which had paid the loss can bring and maintain an action in its own name against the wrongdoer. It did not decide the question raised in the instant case, nor does the case hold that the wrongdoer can plead the payment of insurance as a bar to the right of the insured to recover. There can be no question but that the insurance company in the instant case could bring the action for the loss it had paid, and that it would be subrogated to the rights of the insured. So, we think that the Home Insurance Company case, *supra,* does not sustain appellee's position.

The other Indiana cases cited by appellee are not in point, and it would unduly extend this opinion to undertake to analyze them.

However, we will notice the Claffey case, *supra,* cited by appellee. This case is not out of harmony with the holding in the instant case. In the Claffey case, *supra,* a demurrer was sustained to the answer, and judgment rendered upon appellant's refusal to plead further, as in the instant case. This judgment was reversed by this court with instructions to the lower court to overrule the demurrer to the answer. The answer in the Claffey

case is unlike the one in the instant case, for it first alleges that the appellee (which was the insured) agreed in his contract of insurance that he would assign to the insurance company all claims and causes of action he might have against any third person growing out of, or connected with, or arising from the theft of his automobile. The answer further alleged that the insurance company had paid all the items of loss, and that before the commencement of the action the insured had *"assigned to said association* and the subscribers thereof all causes of action appellee then had or asserted against any third persons arising out of or connected with the said theft, including the cause of action sued upon against appellant." (Our italics.) So it will readily be seen that the decision in the Claffey case, *supra,* rested upon the proposition that the insured, prior to the commencement of the action, had assigned his claim and right of action to the insurance company. Of course, if this were true, certainly the insurance company would be the real party in interest, and the insured could not maintain the action. The question in the Claffey case, raised by the demurrer, being the sufficiency of the answer, was the only question presented to the court for decision. Anything in the Claffey case, *supra,* which is outside of the question heretofore stated is dictum in that case, and not controlling in the instant case.

The only question decided in the Claffey case that was pertinent to the issue was whether the assignment of the insured's claim and right of action for damages to the insurance company constituted the insurance company the real party in interest, and barred the right of the insured to recover. This the court decided was a good answer, and barred the right of the insured to recover. We reaffirm this holding, for, when the insured has assigned his claim, he loses all further right therein, and the real party in interest would be his assignee. But

that is not the question in the instant case, for here there is no assignment, and the right of the appellee to bar appellant's action is based solely and wholly upon the proposition that the appellant had been paid by his insurance company in full, and thereby the insurance company was subrogated to all rights of the appellant, and was the real party in interest, and appellant could not maintain the action.

We hold that the second paragraph of answer in the instant case was not sufficient to bar the right of the appellant to recover.

It might be well in passing to say that, if the insurance company had paid appellant's claim in full, then under the holding in the Home Insurance Company case, *supra,* it would have the right to maintain the action against appellee, but that is not the question in this case.

The appellant herein also has the right to maintain the action against the appellee, and, as far as appellee is concerned, is the real party in interest. Any judgment obtained by appellant against appellee, and paid by it, would be a complete bar to the right of the insurance company to bring another action for the same claim. Appellee could always protect itself, not only by the payment of the judgment if one was obtained, but could have asked to have the insurance company made a party to the action, and thus have ended the controversy; but it cannot set up by way of defense that appellant has received payment of his claim from someone else, and claim the benefit derived therefrom.

For the error of the court in overruling the demurrer to the second paragraph of answer, the judgment is hereby reversed with directions to the lower court to sustain such demurrer, and for such further proceedings as may be necessary, not inconsistent with this opinion.

Judgment reversed.