CASTILE *v.* BURTON.

No. 15481.   JULY 2, 1946.

*Schroeder & Walker* and *George D. Anderson,* for plaintiff.
*Sam J. Welsch,* for defendant.

DUCKWORTH, Justice.   (After stating the foregoing facts.)
The petitioner by the averments of her petition bases her claim to
the strip of land in controversy, first upon the deed dated January

30, 1924, which expressly fixes the southern boundary of the land therein conveyed as the city limits of the City of Marietta, and secondly upon 20-years' adverse possession under that deed. It is at once quite obvious that, in order to be entitled to recover in virtue of her deed title, it was incumbent upon the petitioner to establish by evidence the location of the city limits of the City of Marietta at this place. Since under the law that city limit is located exactly one mile from the center of the park in the public square in the City of Marietta, Georgia, except on the east side and not here involved (Ga. L. 1906, p. 849), the direct and indeed the only way to locate the city limit would be to measure a distance of· one mile and mark the terminus which would be the city limit. The petitioner made no attempt by her evidence to thus establish the city-limit line. There is no proof in this voluminous record by any witness or otherwise which shows where a mile distance from the center of the park in the public square of the City of Marietta would terminate. The absence of this vital proof was fatal to that part of the suit relying upon the deed, and on this phase· of the case the evidence demanded a verdict against the petitioner.

■ But the petitioner alleges, as a further basis for her claim to the land in litigation, that she has been in continuous adverse possession thereof under the deed above dealt with for more than twenty years. If it be held that such allegation would entitle the petitioner to recover by proof of adverse possession for a period of seven years under the Code, § 85-407, and that under such averment she would also be entitled to recover upon proof of adverse possession alone for a period of twenty years under the Code, § 85-406, it would then be necessary that her proof of possession of the land involved be sufficient under the law, in order to hold that a verdict in her favor would have been authorized by the evidence. The absence of any evidence locating the city limits· is fatal to any right of the petitioner to the benefit of constructive possession under the deed, as provided in the Code, § 85-404. It was incumbent upon the petitioner to make proof of actual possession of every portion of the land claimed. *Toms* v. *Knighton,* 199 *Ga.* 858, 864 (36 S. E. 2d, 315). Since the record shows that she relied entirely upon her own testimony for proof of adverse possession, her evidence must be subjected to the rule of law that, if it is evasive, uncertain, or contradictory, it must be construed most strongly against

her, and if when thus construed it is insufficient to entitle her to recover, a verdict against her is demanded. *Farmer* v. *Davenport,* 118 *Ga.* 289 (45 S. E. 244); *Atlanta Ry. Co.* v. *Owens,* 119 *Ga.* 833, 835 (47 S. E. 213); *Southern Ry. Co.* v. *Hobbs,* 121 *Ga.* 428 (49 S. E. 294); *Allen* v. *Allen,* 198 *Ga.* 269 (9) (31 S. E. 2d, 483); *Cooper* v. *Aycock,* 199 *Ga.* 658, 667 (34 S. E. 2d, 895).

Without here repeating extensively the testimony of the petitioner as is fully set out in the statement of facts preceding this opinion, it is sufficient to point out that on page 82 of this record she testified that in 1931 she obtained permission of the defendant's predecessor in title to use the land here involved. It is further pointed out on page 84 of the record that she said: "As to what my deed calls for on Kennesaw Avenue—well, from the Wilder property down to the end of the pavement. As to how many feet that is—it don't call it that, it just says to the end of the paving, the city line. That's what I go by." While an inspection of her deed discloses that nothing is said therein about the end of the pavement, nevertheless this testimony of the petitioner shows that, since she at no time claimed land farther south than that called for by her deed, and since by this testimony she was under the impression that her deed called for land only to the end of the pavement, it is obvious that any adverse possession she had was under a claim only to the end of the pavement. That point marks the northern boundary of the strip here in controversy, and is the line described in the defendant's deed and is the dividing line as contended by the defendant. This testimony of the petitioner demanded a verdict against her on the claim of title by adverse possession.

■ The defendant's deed put in evidence contains a description embracing the land in controversy. It was not contradicted by any evidence. Accordingly, the verdict for the defendant was demanded by the evidence, and the general grounds of the motion for new trial are without merit. Since the verdict complained of was demanded, several special grounds of the motion for new trial excepting to portions of the charge and failure to charge will not be ruled upon. *Peoples Savings Bank* v. *Smith,* 114 *Ga.* 185 (4) (39 S. E. 920); *Swindell* v. *First National Bank,* 121 *Ga.* 714 (2) (49 S. E. 673); *White* v. *Southern Ry. Co.,* 123 *Ga.* 353 (4) (51 S. E. 411); *Elyea Incorporated* v. *Cenker,* 184 *Ga.* 179, 180 (190 S. E. 585). *Judgment affirmed. All the Justices concur.*