### 53138. PARKER et al. v. CENTRUM INTERNATIONAL FILM CORPORATION et al.

SHULMAN, Judge.

The appellants are most, but not all, of the limited partners of an entity known as UFO Limited Partnership.

That entity entered into a joint venture with appellee Lucas and others. They brought this action for rescission of the joint venture agreement or, alternatively, for damages for mismanagement, waste of assets and failure to account for the assets of the joint venture. This appeal is brought from the granting of appellee Lucas' motion for summary judgment.

From the briefs and arguments in this court, it is apparent that both sides ascribe the granting of summary judgment to a finding by the trial court that the plaintiffs lacked capacity to bring the suit. None of the plaintiffs were directly involved as investors in the joint venture. Their only participation was as limited partners of UFO Limited Partnership. The record, however, is entirely silent on the issue of capacity. Since Code Ann. § 81A-109 (a) requires that a challenge to the capacity of any party to sue or be sued be raised by specific negative averment, the defense is waived if not so raised. *Brannon v. Whisenant,* 138 Ga. App. 627 (227 SE2d 91). The answer of appellee Lucas raises the issue of nonjoinder of parties, alleging that the plaintiffs failed to join all the joint venturers. His request for admissions and interrogatories inquired into the composition of the limited partnership and the joint venture. While the answers to interrogatories and requests for admissions may have established a factual basis for an attack on the capacity of the plaintiffs to sue, this does not rise to the level of a "specific negative averment" as is required by Code Ann. § 81A-109 (a). Capacity, therefore, could not properly have been the basis for a grant of summary judgment in this case.

With the defense of capacity removed, the record reveals no other basis for granting the motion. The deposition, affidavits, and pleadings considered on the motion are in direct conflict on several questions of fact. Since the initial burden on a party moving for summary judgment is to show "that there is no genuine issue as to any material fact," Code Ann. § 81A-156 (c), and the appellee here has failed to meet that burden, it was error to grant the motion.

*Judgment reversed. Quillian, P. J., and Smith, J., concur.*

Argued February 4, 1977 — Decided March 8, 1977.

*Glenville Haldi,* for appellants.
*Rubin, Appel & Strickland, Martin H. Rubin,* for appellees.