### 54600. BOXWOOD CORPORATION et al. v. BERRY et al.

BANKE, Judge.

This is an appeal from a summary judgment for the plaintiffs in a suit on a promissory note.

The defendant Boxwood Corp. issued the note to Berry & Freyer Land Co., a partnership which has since dissolved and whose sole partners were the plaintiffs, Robin Berry and Fred Freyer. The note was given in payment of a broker's commission on a real estate purchase and was secured by a loan deed to the property. Defendants Edward Elson and Harry Elson had formed the defendant Boxwood Corp. for the specific purpose of

purchasing the property while avoiding personal liability on the indebtedness incurred in connection with the transaction. This arrangement was apparently agreeable to the other parties involved.

Acting as sole shareholders, the Elsons executed a written consent to dissolution of the corporation on November 11, 1972. On the same day the corporation executed to the Elsons a deed to the property, which they filed for recordation the following day. By the terms of this deed the Elsons as grantees expressly assumed the corporation's indebtedness on the loan deed to the property, the very indebtedness which they had formed the corporation to avoid. In a subsequent transfer of the property, the Elsons as grantors executed another deed containing identical language of assumption. Subsequent to that transfer, the original deed from the Boxwood Corp. to the Elsons was changed to state the parties had not actually intended for the Elsons to assume the indebtedness on the loan deed and that such indebtedness was expressly not assumed. A copy of this altered deed was recorded in the clerk's office. We are presented, then, with the question of whether the Elsons are bound by the assumption language contained in the deed as it was originally received from the Boxwood Corp.

1. Under Code Ann. § 29-102 (Ga. L. 1967, pp. 529, 593), a grantee is bound by all covenants in a deed which he has accepted. The Elsons, however, argue that this rule does not apply where the grantees receive no consideration for the transfer, citing *Peppers v. Peppers,* 194 Ga. 10 (2) (20 SE2d 409) (1942) and *Burkhalter v. DeLoach,* 171 Ga. 384 (7) (155 SE 513) (1930).

While this may be correct as an abstract principle of law, we do not agree that the Elsons received no consideration in accepting the deed from the corporation. Although as sole shareholders they were entitled to the transfer of the corporation's assets on dissolution, subject to the claims of creditors, this did not automatically entitle them to a deed to the land. The corporation could also have sold the land and distributed the proceeds. Receipt of legal title to the property was something which the Elsons did not have, something which they were not automatically entitled to, and something of benefit to

them. It, therefore, constituted a valid consideration for the assumption of the indebtedness. See Code § 20-302.

The cases relied on by the defendants, cited above, are inapposite. In those cases, the grantees already had title to the property when they accepted instruments purporting to divest them of that title on certain contingencies. In this case, the grantees did not have legal title until they had received the deed containing the language of assumption.

2. The Elsons further contend that they are not bound by the language in the original deed due to the execution and recordation of the "corrective deed." However, there is no indication that the changes made on the purported "corrective deed" were made with the consent of any corporate official. In fact, the only evidence in the record on this issue is a statement in Edward Elson's deposition to the effect that at some time in February or March of 1976, "The attorneys told me they had corrected the deed." By this time the corporation had been dissolved for over three years. Under these circumstances, the "corrective deed" could not have had any effect even as to the parties involved. It certainly had no effect as to third persons. See *Citizens Bank v. Taylor,* 169 Ga. 203 (149 SE 861) (1929).

3. The defendants' contention that the plaintiffs did not properly establish their capacity to sue on behalf of Berry & Freyer Land Co. is also without merit. The plaintiffs alleged in their complaint that they had been the partnership's sole partners during its existence. This allegation was neither admitted nor denied by the defendants in their answers, a response that normally would have the effect of a denial. See Code Ann. § 81A-108(b). However, Code Ann. § 81A-109 requires that an issue as to "the authority of a party to sue or be sued in a representative capacity" shall be raised by "specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge." Since the defendants failed to do this, an issue as to the plaintiffs' authority to sue on behalf of the partnership has not been properly raised in the trial court and cannot now be raised on appeal. See *Parker v. Centrum International Film Corp.,* 141 Ga. App. 521 (233

SE2d 877) (1977).

4. The defendants are correct in their contention that this suit was not timely filed insofar as the corporation is concerned. Code Ann. § 22-1325 provides that an action against a dissolved corporation must be commenced within two years of the date of dissolution. In a statement of facts submitted along with their motion for summary judgment, the plaintiffs agree that the corporation was dissolved on December 6, 1972. This suit was filed on August 26, 1976. Therefore, the summary judgment must be reversed insofar as it applies to the Boxwood Corp.

For the reasons above stated, the judgment is reversed as to the Boxwood Corp. and affirmed as to the other defendants.

*Judgment affirmed in part; reversed in part. Shulman and Birdsong, JJ., concur.*

ARGUED OCTOBER 11, 1977 — DECIDED DECEMBER 1, 1977 — REHEARING DENIED DECEMBER 14, 1977 —

*Arnall, Golden & Gregory, H. Fred Gober, Simon A. Miller,* for appellants.

*Fierer & Devine, Foy R. Devine, Anne E. Meroney, Richard A. Hills, Jr.,* for appellees.