## 62630. GOLDSTEIN v. GTE PRODUCTS CORPORATION.

BIRDSONG, Judge.

The trial court denied Goldstein's motion for directed verdict and directed a verdict against him in this suit by GTE against Goldstein on his personal guaranty for the open account of Lee Products. Goldstein appeals on three grounds. *Held:*

1. Appellant was not entitled to directed verdict on grounds that the appellee GTE Products failed to prove that it is an entity entitled to enforce appellant's personal guaranty to "GTE Sylvania Incorporated and/or any subsidiaries and affiliates." The accounting statement of GTE Products Corporation upon which GTE claimed $12,177.60 on account is based exclusively on invoices of "GTE Sylvania Incorporated, Lighting Products Group" and on credit memos entitled variously "Sylvania Lighting Products/GTE Sylvania Incorporated" and "Sylvania Lighting Products/GTE Products Corp.," all of which are in evidence and are unchallenged. Most importantly and conclusively, however, Code Ann. § 81A-109 (a) provides "It is not necessary to aver the capacity [or authority] of a party to sue . . . in a representative capacity. . . . When a party desires to raise an issue as to the legal existence of any party or the capacity [or authority] of any party to sue . . . in a representative capacity, he shall do so by specific negative averment, which shall include such

supporting particulars as are peculiarly within the pleader's knowledge." Since the appellant failed to do this, any issue as to the authority of GTE Products Corp. to sue on the personal guaranty to "GTE Sylvania Incorporated and/or any of its subsidiaries and affiliates" has been waived and cannot be raised on appeal. *Boxwood Corp. v. Berry,* 144 Ga. App. 351, 353 (241 SE2d 297); *Parker v. Centrum Intern. Film Corp.,* 141 Ga. App. 521, 522 (233 SE2d 877); *Prince & Paul v. Don Mitchell's WLAQ,* 127 Ga. App. 502 (194 SE2d 269).

2. The trial court did not err in granting directed verdict to the appellee in the amount prayed for on account. The appellant's claim of a credit was vague, and although he had the opportunity to support his claim his testimony was inconclusive and uncertain. He presented no evidence from which it could reasonably be determined that he was entitled to any credit, and presented no evidence from which any such credit amount could be reasonably ascertained. If the verdict had allowed for any credit, it would have been subject to being set aside for being unsupported by the evidence. *State Farm Mut. Auto Ins. Co. v. Snyder,* 125 Ga. App. 352 (187 SE2d 878). As the appellant's evidence was insufficient to support a verdict allowing him the credit, it was not error to direct a verdict in favor of the appellee on the amount proved owed. See *Queen v. Harrell,* 131 Ga. App. 666, 667 (206 SE2d 578). See also *Johnson v. Curenton,* 127 Ga. App. 687 (195 SE2d 279), where we held that on a motion for directed verdict the general rule applies that the testimony of a party litigant which is contradictory, vague, inconclusive, and ambiguous must be construed most strongly against him when he is the sole witness in his own behalf.

3. The trial court was correct in ruling that appellee proved compliance with Code Ann. § 103-205 before attempting to collect the principal debt from the appellant guarantor, based on the facts in the case and the evidence, properly admitted, that the appellee had pursued a claim in bankruptcy against the principal debtor prior to filing suit against the guarantor. More importantly, however, we do not credit the appellant with a defense under Code Ann. § 103-205 in the first place, since his personal guaranty to the appellee states clearly in boldface that it is "a guaranty of payment and not of collection"; that the guarantor waives any right that any action be brought against the debtor or any other person or to require that resort be had to any security; and that "GTE Sylvania Incorporated, and/or any of its subsidiaries and affiliates shall not be required to exhaust legal remedies for recovery and collection against the debtor before looking to [the guarantor] for payment."

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

Decided January 4, 1982.

*James W. McKenzie, Jr.,* for appellant.
*T. Gordon Lamb, Hoke Smith III,* for appellee.