65893. VANELZAS v. PALLARDY et al.

BANKE, Judge.

The plaintiff brought this action as the personal representative of the estate of Cody Fowler to collect two promissory notes executed to Fowler by the defendant. One note was payable to Cody Fowler, Trustee, in the amount of $5,000. The other note was payable simply to Cody Fowler and was also in the amount of $5,000. This appeal follows a jury verdict for the plaintiff on both notes. *Held:*

1. As to the second note, the defendant enumerates as error the denial of her motion for a directed verdict, based on the failure of the plaintiff to qualify himself properly as Cody Fowler's legal representative under a Florida will. Under the Civil Practice Act "[i]t is not necessary to aver the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity . . . When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge." OCGA § 9-11-9 (a) (formerly Code Ann. § 81A-109 (a)). In the absence of any negative averment, including supporting particulars, the issue of

plaintiff's capacity to sue was not properly raised in the trial court and may not now be raised on appeal. See *Boxwood Corp. v. Berry*, 144 Ga. App. 351 (3) (241 SE2d 297) (1977).

2. The defendant also enumerates as error the denial of her motion for directed verdict on the note payable to Cody Fowler as Trustee "for failure of the plaintiff to prove his certification as the representative of a foreign trust." See OCGA § 53-13-101 (Code Ann. § 49-408), concerning the right of a foreign trustee to bring actions in the courts of this state. Again, the defendant attempts to litigate matters not properly raised below. The defendant did indeed move for a directed verdict for failure of the plaintiff to file a copy of his appointment as a foreign trustee. There is, however, no suggestion in the evidence before the court that the plaintiff is a foreign trustee or the resident of a foreign state. This enumeration of error is also without merit.

*Judgment affirmed. Deen, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED APRIL 8, 1983.

*John H. Ridley, Jr.,* for appellant.
*Paul L. Meiere, Jr.,* for appellees.