## 73672. RIGG v. NEW WORLD PICTURES, INC.

(359 SE2d 207)

SOGNIER, Judge.

New World Pictures, Inc. brought suit against John L. "Jack" Rigg seeking, inter alia, recovery of sums wrongfully converted by Rigg. Rigg counterclaimed asserting he was a partner of New World Pictures and thus was entitled to an accounting. The trial court directed a verdict in favor of New World Pictures on Rigg's counterclaim and the jury returned a verdict in favor of New World Pictures awarding actual and exemplary damages and attorney fees. The trial court denied Rigg's motion for a new trial and Rigg appeals.

Appellant and appellee signed an agreement in April 1975, backdated to January 1, 1975, whereby appellee engaged appellant to serve as Executive Director of appellee's "Atlanta Exchange" branch for the purpose of distributing motion pictures. In 1978, an agreement similar to the 1975 agreement was signed by the parties. In September 1980, a surprise audit revealed appellant had falsified documents, paid personal expenses and obligations with funds provided by appellee for work-related obligations, and numerous other wrongful uses of appellee's funds. Appellant's employment with appellee was terminated.

1. Appellant contends the trial court erred by charging the jury on the construction to be given the uncorroborated testimony of a party who offers himself as a witness when his testimony is self-contradictory, vague or equivocal. Appellant does not assert his testimony was not vague, self-contradictory or equivocal; rather appellant argues such a charge was harmful error because (a) the charge applies only to parties plaintiff and was therefore not applicable to him or, alternatively, (b) the charge was not applicable in view of other testimony corroborating appellant's testimony on two items of damages claimed by appellee.

(a) We find no merit in appellant's argument that the trial court's charge was inapplicable to him because he was a defendant. The trial court instructed the jury, "[i]f you find that [appellant] has appeared as a witness for himself and has given self contradictory, vague, or equivocal testimony, then that testimony is to be construed

most strongly against him; and if the most unfavorable version of his testimony shows that the verdict should be against him, then you must find a verdict in favor of the plaintiff and against defendant." In *Weathers v. Cowan*, 176 Ga. App. 19, 20 (2) (335 SE2d 392) (1985), the following charge was given as to all parties in that case: " 'Testimony of a party who offers himself or herself as a witness in his or her own behalf is to be construed most strongly against such party when it is self-contradictory, vague, or equivocal, and that party is not entitled to a finding in his or her favor if that version of testimony that is most unfavorable to that party shows that the verdict should be against that party.' " (Emphasis omitted.) While we approved this charge in *Weathers*, we reversed the judgment therein on the basis that this charge, insofar as the *plaintiff* was concerned, was inapplicable because of evidence corroborating the plaintiff's testimony. Id. at 22. The trial court in the case sub judice corrected the possible error in the charge by specifying the only party as to whom the charge was applicable, i.e., appellant. We note that the trial court fully and properly charged the jury that the burden was on appellee to prove its case by a preponderance of the evidence.

(b) Appellant admits in his brief that "[w]ith the exception of two items of damages claimed by Appellee, [appellant's] testimony was not corroborated by other witnesses." Appellant has thus conceded that the instruction to the jury regarding his vague, self-contradictory, equivocal, *and* uncorroborated testimony was appropriate and applicable as to all but two of the items of damages sought by appellee. However, we need not address the argument whether the absence of any evidence to corroborate the majority of appellant's vague, self-contradictory and equivocal testimony would in and of itself authorize the trial court's charge since our review of the voluminous transcript reveals no evidence to support appellant's arguments that his testimony was corroborated even on the two contested items of damages raised in this enumeration. While there was evidence by appellee's expert witnesses that legitimate out-of-pocket expenses incurred as part of appellant's employment would be paid, this evidence did not corroborate appellant's testimony that he was entitled to be recompensed for personal expenses in view of the fact that there was no evidence to corroborate appellant's assertion that these particular personal expenses were employment related. In regard to the second contested item of damages, producer's share of film rentals, testimony by appellee's expert witnesses that appellant would be entitled to the share money if appellant owned the film rights did not support appellant's testimony which, elusive and evasive as it was, in essence revealed he did not own those film rights. Thus, in the absence of any evidence corroborating appellant's · vague, self-contradictory and equivocal testimony, we find no error in the trial court's instruction to

the jury on this matter.

2. Appellant contends the trial court erred by granting appellee's motion for a directed verdict against appellant on his counterclaim. In this regard appellant also contends the trial court erred by excluding evidence of his partnership with appellee, in the form of a letter allegedly written by an officer of appellee to another employee in the Atlanta Exchange branch office.

We find no error in the trial court's grant of a directed verdict to appellee on appellant's counterclaim or in the trial court's exclusion of appellant's exhibit. The agreements appellant signed in 1975 and 1978 unambiguously established an employment relationship between the parties. Appellant testified he read and signed both agreements; there is no evidence of fraud involving the employment agreements. Further, the employment agreements provided that they constituted the entire agreement between the parties and could not be modified except by a written document signed by both parties. No such written modifications were ever entered into by the parties. Thus, no question of fact exists that the relationship between appellant and appellee was an employment relationship, rather than a partnership, and the verdict was properly directed on this issue. OCGA § 9-11-50 (a); see *Bass v. C & S Nat. Bank*, 168 Ga. App. 668, 669 (1) (309 SE2d 850) (1983). Although appellant argues the letter he proffered as evidence constituted an admission by appellee to a third party that the Atlanta Exchange was a partnership prior to 1980, it is axiomatic that in the absence of any ambiguity, parol or extrinsic evidence is not admissible to add to, take from, or vary the terms of a written contract. OCGA § 13-2-2 (1); OCGA § 24-6-1. See also *Bank Bldg. &c. Corp. v. Ga. State Bank*, 132 Ga. App. 762, 765 (2) (209 SE2d 82) (1974). Accordingly, the trial court did not err by excluding this evidence. See generally *Crooks v. Crim*, 159 Ga. App. 745, 748 (285 SE2d 84) (1981).

*Judgment affirmed. McMurray, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur fully in Division 2.

The jury charge ruled on in Division 1 was not entirely correct. It is true that the principle applies to a defendant as well as a plaintiff. From early on, it has been stated and reiterated that the principle applies to "a party" rather than being limited to "a plaintiff." See, e.g., *Western & A. R. Co. v. Evans*, 96 Ga. 481, 486 (23 SE 494) (1895), which states succinctly the reason for the rule which, when so considered, fits a defendant as well as a plaintiff. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 28 (1) (343 SE2d 680) (1986), expressly refers to its applicability to the "defense." Its use against a defendant has been approved. *Goldstein v. GTE Prods. Corp.*, 160

Ga. App. 767, 768 (2) (287 SE2d 105) (1981).

The problem with the charge as given is that it did not add the qualifier, "provided that plaintiff has proved its case." Just because a defendant's testimony does not measure up does not automatically mean that plaintiff is entitled to a verdict. The plaintiff is still required at least to prove the elements of its claim, making a prima facie case, in order to prevail. Also, if there are other defenses, plaintiff's evidence must preponderate. The result of defendant's deficient testimony is that he loses the defense it seeks to establish.

Where the defective testimony is plaintiff's, no qualifier is needed, because the defective testimony, which is the sole evidence, *ipso facto* fails to establish a prima facie case, which is plaintiff's burden. This premise as to plaintiff is stated in *Clark v. Bandy*, 196 Ga. 546, 561 (27 SE2d 17) (1943): "[W]hen the testimony of the plaintiff himself is being considered, there will be borne in mind the rule that if a plaintiff fails to establish the material allegations of his petition, or if his testimony is contradictory and uncertain as to such allegations, the court, on motion to nonsuit, should construe the evidence most strongly against him, and may, if no other testimony appears, be authorized to grant a nonsuit." Notice the "ifs".

*Castile v. Burton*, 200 Ga. 877, 882 (2) (38 SE2d 919) (1946) also illustrates the point. *Goldstein*, supra, the case applying the principle to a defendant's testimony, also alludes to it: "As the appellant's [vague, inconclusive, and uncertain] evidence was insufficient to support a verdict allowing him the credit [on the open account which was sued on], it was not error to direct a verdict in favor of the [plaintiff] *on the amount proved owed*." (Emphasis supplied.) The emphasized portion imports the qualifier.

Considering the charge as a whole, and it containing a clear emphasis on the plaintiff's burden of proof, I do not conclude the foreshortened charge on the effect of defendant's testimony to be reversible error.

DECIDED JUNE 25, 1987.

*Charles M. Kidd, Gwenn Dorb Holland*, for appellant.
*Donald A. Weissman*, for appellee.