The INDIANA NATIONAL BANK,
Appellant (Plaintiff Below),

v.

David C. CHURCHMAN, Appellee
(Defendant Below).

No. 49A02–8906–CV–270.

Court of Appeals of Indiana,
Second District.

Dec. 27, 1990.

James M. Secrest, Indianapolis, for appellant.

William A. Freihofer, Freihofer, Minton, Keeler & McClamroch, Indianapolis, for appellee.

SULLIVAN, Judge.

Indiana National Bank (Bank) appeals from the denial of its Motion for Summary Judgment and the granting of appellee-cross-appellant, David C. Churchman's (Churchman) Motion for Summary Judgment. Churchman cross appeals from the granting of Bank's Motion for Judgment on the Evidence.

We affirm in part and reverse in part.

Bank brought an action against David Churchman to collect the unpaid balance due on a promissory note executed to it by M.S. Churchman Co., Inc. (Corporation), an Indiana corporation. The record reflects that Corporation obtained an $800,000 "line of credit" from Bank. On July 20, 1982, Corporation executed a promissory note to Bank for that amount. The note was secured by collateral consisting of accounts receivable and inventory, as well as a real estate mortgage. The note was signed by Joseph F. Williams, as vice president and treasurer, and Donald Pea, as assistant treasurer. Churchman did not sign the note in any capacity.

On November 12, 1984, written notice of corporate dissolution was sent to Bank, pursuant to statute. Articles of Dissolution were filed with the Indiana Secretary of State's Office on April 4, 1985, and a Certificate of Dissolution issued that same date.

It is undisputed that on April 4, 1985, the amount of unpaid principal on Corporation's note was $49,500.00. Following dissolution, David Churchman made monthly interest payments to and including January 15, 1986. Churchman and Bank also discussed various means of satisfying the debt. These discussions ended on March 25, 1986, with no agreement as to how the debt was to be satisfied.

At some point, but apparently prior to March 25, 1986, the real estate subject to Bank's mortgage was sold. Bank's security interest was not satisfied due to an error on the part of a title company retained in connection with the sale. However, on December 29, 1986, Bank received full payment on the note as a result of a settlement with the title company. The note was assigned to the title company.

On September 3, 1987, Bank filed a complaint seeking judgment against David Churchman for $49,500.00 plus interest, costs and attorneys' fees.[1] Churchman filed an Answer and Motion to Dismiss, asserting a statute of limitations affirmative defense. Churchman also filed a counterclaim against Bank alleging bad faith in the institution of its suit and seeking punitive damages. Subsequently, Churchman amended his Answer, asserting payment of the debt as an additional affirmative defense.

---

1. Although it would appear that the title company, not the bank, is the real party in interest under Trial Rule 17, in its response to Churchman's Motion for Summary Judgment, Bank asserted that the complaint in its own name was filed pursuant to a subrogration and indemnity agreement with the title company. In light of our resolution of the other issues, we need not decide the propriety of the summary judgment for Churchman upon real party in interest con-cepts. *But see Williamson v. Purity Bakeries of Indiana* (1935) 101 Ind.App. 441, 193 N.E. 717, in which suit by the insured who had been paid in full by the insurer but had not assigned the claim was permitted against a tortfeasor. An earlier case, *John A. Boyd Motor Co. v. Claffey* (1929) 94 Ind.App. 492, 165 N.E. 255, in which the plaintiff-insured had been paid in full *and* had assigned the claim was distinguished by the *Williamson* court.

Both sides moved for summary judgment. Following a hearing, the trial court entered an order denying Bank's motion, and granting Churchman's, on the issues raised by Bank's complaint. Churchman's counterclaim was tried to a jury on May 30–31, 1989. At the close of Churchman's case, Bank moved for judgment on the evidence pursuant to Trial Rule 50. The motion was granted.

Bank's appeal raises one issue: Whether it was error to grant summary judgment for Churchman, and to deny Bank's motion, where Churchman's actions allegedly tolled the statute of limitations?

Churchman's cross-appeal raises an additional issue: Whether it was error to grant Bank's motion for judgment on the evidence where Bank presented no evidence to rebut Churchman's claim of malicious prosecution?

## I.

Bank's action against Churchman as sole shareholder of M.S. Churchman, Inc. was commenced September 3, 1987. Churchman's motion for summary judgment invoked I.C. 23–1–7–1(e) (since repealed) as a bar to Bank's action. That section provided:

"(e) The dissolution of any corporation in accordance with the provisions of this section shall not take away or impair any remedy of or against such corporation, its directors, officers or shareholders, for any liabilities incurred by the corporation, its directors, officers or shareholders, for any liabilities incurred by the corporation previous to its dissolution if suit is brought and service of process is had, as provided by the laws of this state, within two (2) years after the date of such dissolution, nor shall such disso-

lution take away or impair the right or power of any such corporation to collect, liquidate, sue for and in any lawful manner realize upon and to distribute to its shareholders as in this section provided any asset not distributed to its shareholders prior to the issuance of such certificate of dissolution." [2]

Bank's response to Churchman's motion, as well as Bank's own motion, asserted the theory of equitable estoppel. Bank argued that Churchman's actions in paying interest for nine months after dissolution and in discussing various options for satisfying the debt essentially misled the Bank, causing it to postpone filing suit until the two year time limit imposed by I.C. 23–1–7–1(e) had passed. Bank contends these acts tolled the statute.

The question of whether the theory of equitable estoppel operates to toll I.C. 23–1–7–1(e) has not been addressed by an Indiana court. However, we have the benefit of numerous decisions from other jurisdictions. Without fail, these decisions treat statutes identical, or similar, to I.C. 23–1–7–1 as "survival" statutes, rather than as statutes of limitation. That is, the statute gives life to a right otherwise destroyed.

At common law, the corporate capacity to sue or be sued terminated when the corporation dissolved. *Poliquin v. Sapp* (1979), 72 Ill.App.3d 477, 28 Ill.Dec. 615, 390 N.E.2d 974. Similarly, dissolution destroyed the capacity of former shareholders to sue or be sued with respect to rights entirely dependent upon and existing solely as an outgrowth of shareholder status. *VanPelt v. Greathouse* (1985) 219 Neb. 478, 364 N.W.2d 14. Thus a survival statute operates to give life to a claim that

---

**2.** I.C. 23–1–7–1 was repealed by P.L. 149–1986, effective August 1, 1987. Although the present action was instituted September 3, 1987, P.L. 149–1986 § 66 contained a specific savings clause:

"[T]he repeal of a statute by this act (P.L. 149–1986) does not affect:

\* \* \* \* \* \*

(2) any ratification, right, remedy, privilege, obligation, or liability acquired, accrued or incurred under the statute before its repeal."

The corporation dissolved April 4, 1985, when the statute was clearly still in effect. Therefore the savings clause renders I.C. 23–1–7–1 applicable to this action.

would otherwise be extinguished by virtue of corporate dissolution.

We see no reason for rejecting the view taken by these cases. It is "[a] firmly established premise that a dissolved corporation may thereafter be proceeded against either criminally or civilly only if authorized by the laws of the state of its incorporation." *U.S. v. P.F. Collier & Son Corp.* (7th Cir.1954) 208 F.2d 936, 937. It is undisputed that M.S. Churchman, Inc. was an Indiana corporation. Therefore suit is barred if filed, as here, over two years from the date of dissolution. I.C. 23–1–7–1(e).

That Bank proceeded against David Churchman individually does not change the result. In its complaint Bank claimed it was proceeding against Churchman as "successor in interest to M.S. Churchman Co., Inc." and as recipient of "assets and liabilities ... distributed to [him] as the sole shareholder of M.S. Churchman, Co., Inc."[3] Record at 2. Churchman's name did not appear on the original note or mortgage in either his personal or shareholder status. Despite attempts to renegotiate the debt, Bank admits that Churchman never signed a note nor promised to pay the balance. I.C. 23–1–7–1(e) applies to suits "against ... shareholders ... for any liabilities incurred by the corporation previous to its dissolution." Therefore, the statute giving life beyond dissolution to suits against corporations also extends to actions against shareholders. *See Canadian Ace Brewing Co. v. Joseph Schlitz Brewing Co.* (7th Cir.1980) 629 F.2d 1183. *See also Canadian Ace Brewing Co. v. Anheuser–Busch, Inc.* (1978) 448 F.Supp. 769, *aff'd* 601 F.2d 593, *cert. denied* 444 U.S. 884, 100 S.Ct. 175, 62 L.Ed.2d 113. Thus, Bank was required to bring suit against Churchman within two (2) years of the dissolution date.

Those few cases which have allowed suits against corporations or shareholders to proceed beyond the time period delineated in respective survival statutes are distinguishable. By far the most common rationale offered for allowing suit beyond the statutory period is non-compliance with the relevant dissolution statute's requirement of notice to creditors. *See, e.g., In re Wolf Mfg. Indus.* (USCCA 1932) 56 F.2d 64; *Alpine Property Owners Assoc., Inc. v. Mountaintop Development Co.* (1987) W.Va., 365 S.E.2d 57; *Illinois v. Parker* (1964) 30 Ill.2d 486, 197 N.E.2d 30. Included in this category of cases are cases where the corporate entity was terminated by forfeiture, rather than by statutory dissolution; the rationale for the distinction is lack of notice to creditors. *See Goff v. Schlegel* (1988) Mo.App., 748 S.W.2d 813. *See also Benham v. Benham* (1987) Tex. App., 726 S.W.2d 618 (survival statute applicable only to dissolution pursuant to dissolution statute and not to corporate forfeiture for failure to pay taxes).

Survival statutes have also been held to be inapplicable to claims arising after dissolution. *See Donofrio v. Matassini* (1987) 2d Dist.Fla.App., 503 So.2d 1278. *See also Stemley v. Downtown Medical Bldg., Inc.* (1989) Mo., 762 S.W.2d 43 (third-party plaintiff was allowed to maintain suit for contribution against dissolved corporation where third-party plaintiff had not been named as a defendant in plaintiff's personal injury suit until after expiration of survival period following dissolution.)

In *Boxwood Corporation v. Berry* (1977) 144 Ga.App. 351, 241 S.E.2d 297, suit was barred against a dissolved corporation after expiration of the statutory survival period but not as against shareholders who in the consent to dissolution expressly assumed corporate indebtedness.

The above cases bear little resemblance to our present case. Here, it is undisputed that Corporation provided notice of dissolution to Bank, that the obligation on the note accrued prior to dissolution, and that David Churchman never personally agreed to assume the corporate debt. Thus, our survival statute operated to bar suit

---

**3.** Bank does not claim that the distribution of corporate assets, if any, to Churchman was tainted by fraud or deception.

against Churchman, filed over two years after dissolution.

With regard to Bank's contention that the statute was tolled by Churchman's actions in making interest payments and discussing repayment options, we follow the lead of other jurisdictions in holding that even if such acts amounted to equitable estoppel, such would not toll the statutory period. It has been held that not even principles of equity can estop the application of a survival statute. *See e.g. VanPelt, supra; Riley v. Fitzgerald* (1986) 2d Dist., 178 Cal.App.3d 871, 223 Cal.Rptr. 889, *rev. denied.* This is so because while a statute of limitations operates on a claimant's remedy, a survival statute, as noted, gives breath to the substantive right itself. *VanPelt, supra.* Enactment of a survival statute indicates a legislative policy to place a definite termination upon corporate existence with respect to dissolution, as well as to protect shareholders, officers, and directors of dissolved corporations from prolonged and uncertain liability. *Riley, supra.* The relief corridor afforded to claimants for a limited period thereafter is narrow indeed and should not be liberally extended or enlarged. Courts interpreting such enactments give deference to this policy and have refused to apply equitable remedies to defeat survival statutes. *Van Pelt, supra; Riley, supra; see also Canadian Ace Brewing v. Joseph Schlitz Brewing Co.* (7th Cir.1980) 629 F.2d 1183, 1188.

There is no reason for adopting a different approach. Bank claims that "to hold that [Churchman's] actions did not toll the running of the statute would invite one to continue such actions for two years following the filing of the articles of dissolution, and then raise the defense of the statute." Brief of appellant at 5–6. On the contrary, our holding invites similarly situated claimants i.e., creditors with notice of corporate dissolution, to file suit after dissolution within the grace period granted by the legislature.

## II.

Subsequent to the trial court's ruling on the motions for summary judgment, Churchman's counterclaim for malicious prosecution was tried to the jury. At the conclusion of Churchman's case-in-chief, Bank rested without presenting evidence and moved for judgment on the evidence. The trial court granted the motion and entered judgment for Bank upon Churchman's counterclaim. Churchman challenges this ruling in his cross-appeal.

Churchman's counterclaim asserted that Bank:

> "is guilty of bad faith in the filing of its action against defendant and such filing is and was intentional, obdurate, wanton, reckless, arbitrary, capricious and without reason, either in law or equity, and done with the apparent sole purpose of harassing defendant." Record at 16.

At trial, the court preliminarily instructed the jury that Churchman's claim was for malicious prosecution. In his opening statement, Churchman's counsel also informed the jury that the complaint was for malicious prosecution and described the essential elements to be proved. Bank did not object to this characterization of the case or move to strike it.

Subsequently, during argument upon its Motion for Judgment on the Evidence, Bank raised the contention that the only possible remedy for Churchman in the situation was for abuse of process rather than for malicious prosecution. During the same stage of the proceedings, Bank, however, retreated from this position:

> "Your Honor, I did not mean to suggest that [Churchman] brought the wrong cause of action because had I believed that I would have filed a motion to dismiss long ago." Record at 334.

Nevertheless, upon appeal, Bank resurrects the abuse of process—malicious prosecution distinction as grounds for affirming the judgment on the evidence.

We hold that in light of the allegations of Churchman's counterclaim and in the manner in which the parties and the trial court considered the issues, Churchman's claim was for malicious prosecution. *Costello v. Mutual Hospital Insurance, Inc.* (1982) 4th Dist.Ind.App., 441 N.E.2d

506 (in contrast to an action for abuse of process, malicious prosecution is characterized by a showing that the prosecution was initiated without probable cause and that the prosecution terminated in plaintiffs' favor).

■ In reviewing the grant of a TR 50 Motion for Judgment on the Evidence, we may consider only the evidence and reasonable inferences most favorable to the nonmoving party. *Sipes v. Osmose Wood Preserving Co.* (1989) Ind., 546 N.E.2d 1223.

■ It is apparent from the colloquy involving the trial court and counsel with regard to the Bank's Motion for Judgment on the Evidence, that the court's ruling was premised upon a determination that there was a good faith and genuine disagreement as to whether the two year survival statute, I.C. 23–1–7–1(e) was, or could be, tolled. In this light and in reliance upon *Willsey v. Peoples Federal Sav. & Loan* (1988) 4th Dist.Ind.App., 529 N.E.2d 1199, *trans. denied,* the court determined that the Bank had probable cause to file its unsuccessful lawsuit on the note.

Churchman correctly concedes that Bank did not lack probable cause to file the complaint merely because it wrongly interpreted application of the survival statute, I.C. 23–1–7–1(e). Churchman accordingly does not quarrel with the trial court's conclusion to this effect. Churchman does, however, argue that granting the judgment on the evidence as to his counterclaim for malicious prosecution was erroneous because notwithstanding the appearance of probable cause with respect to the survival statute issue the evidence would permit a jury to conclude that the suit was in fact brought maliciously and was filed without regard to whether the survival statute applied or not.

We must keep in mind that various factors might be considered in this determination, e.g., Churchman's attempts to negotiate a resolution to the claim and his payments toward interest after the two year period had expired following dissolution; Bank's naming of Churchman individually although he was not a signator to the note in any capacity; Bank's suit in its own name without divulging that it had been fully paid by the title company.[4]

For this reason we conclude that the trial court erred in not submitting Churchman's counterclaim to the jury.

We affirm the summary judgment for Churchman upon the Bank's complaint; we reverse the judgment upon the evidence upon Churchman's counterclaim and remand for further proceedings not inconsistent with this opinion.

HOFFMAN, J., concurs.

SHIELDS, P.J., with opinion, concurs in part and concurs in result in part.

SHIELDS, Presiding Judge, concurring in part and concurring in result in part.

I concur fully in Part I of the majority opinion.

I concur in result in Part II. As stated by the majority Churchman acknowledges the "mere fact that [Bank] was ultimately proven wrong in its interpretation of law does not, in and of itself, lead the conclusion that there was no probable cause to file suit." Appellee/Cross–Appellant's Brief at 17. Nevertheless, argues Churchman, he offered evidence which, for purposes of a T.R. 50 motion and without regard to the defensiveness of Bank's position on the survival statute, supports the determination the Bank acted maliciously in initiating the action because it had no basis for believing Churchman was liable on the promissory note. The evidence upon which Churchman relies is that the promissory note upon which Bank sued him had been paid as early as December 29, 1986 and yet Bank, without justification or excuse, filed suited against him on September 3, 1987.

---

**4.** During trial there was a motion made on behalf of Indiana National Bank to substitute Lawyer's Title Co. in place of Bank, as counter-defendant on Churchman's counterclaim for malicious prosecution. The motion did not seek to substitute Lawyer's Title Co. as plaintiff in the suit on the note. *See* footnote 1, *supra.*

I agree with Churchman's argument and so does the majority. However, in agreeing with Churchman's argument, the majority makes statements which I feel are inappropriate comments on the relevancy of certain evidence and accordingly, I concur in result.